J-S52001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSE LUIS GARCIA, | : | |
| | : | |
| Appellant | : | No. 131 MDA 2017 |

Appeal from the PCRA Order December 20, 2016
in the Court of Common Pleas of Berks County,
Criminal Division, No(s): CP-06-CR-0003340-2012

BEFORE: GANTMAN, P.J., LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 21, 2017**

Jose Luis Garcia ("Garcia"), *pro se*, appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

At the close of a jury trial in January 2013, Garcia was convicted of various sexual offenses, stemming from his sexual assault of the five-year-old victim in 2006. The trial court sentenced Garcia to an aggregate term of 8½ to 25 years in prison. This Court affirmed the judgment of sentence. ***See Commonwealth v. Garcia***, 91 A.3d 1284 (Pa. Super. 2013) (unpublished memorandum). Garcia did not seek allowance of appeal with the Supreme Court of Pennsylvania.

In November 2014, Garcia filed a timely *pro se* PCRA Petition. Following a procedural history that is not relevant to the instant appeal, the PCRA court appointed Michael Dautrich, Esquire (hereinafter, "PCRA

counsel"), to represent Garcia.[1]  In August 2016, PCRA counsel filed an Amended PCRA Petition.

On November 30, 2016, the PCRA court issued a Pa.R.Crim.P. 907 Notice of Intent to Dismiss the PCRA Petition without a hearing (hereinafter "Rule 907 Notice").  Garcia thereafter filed a counseled Response, and a separate *pro se* Response.  By an Order entered on December 20, 2016, the PCRA court dismissed Garcia's PCRA Petition.

Garcia timely filed a *pro se* Notice of Appeal, after which PCRA counsel filed a separate Notice of Appeal.  On January 18, 2017, the PCRA court ordered Garcia to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  On February 6, 2017, Garcia timely filed a *pro se* Concise Statement, raising eighteen separate alleged errors.  The next day, PCRA counsel filed a separate Concise Statement.  On February 8, 2017, the PCRA court issued a Statement of Reasons in support of its dismissal of Garcia's PCRA Petition, wherein the court relied on its reasoning advanced in the Rule 907 Notice.

In March 2017, Garcia filed with this Court an Application requesting permission to proceed *pro se* on appeal, and for a remand for the PCRA court to conduct a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).  This Court granted Garcia's Application, and ordered the PCRA

---

[1] Garcia had previously been appointed two other counsel to assist him on collateral review, but both withdrew their appearances after Garcia had filed disciplinary complaints against them.

court to conduct a ***Grazier*** hearing to determine whether Garcia's decision to proceed *pro se* was made knowingly, intelligently and voluntarily.

By an Order entered on April 19, 2017, the PCRA court granted Garcia's request to represent himself on appeal. Additionally, upon Garcia's request, the PCRA court withdrew the Concise Statement filed by PCRA counsel, and permitted Garcia to proceed on the issues presented in his *pro se* Concise Statement.

Initially, we note that Garcia's *pro se* brief does not meet the following requirements: Pa.R.A.P. 2111(a)(2) and 2115(a) (order in question); Pa.R.A.P. 2111(a)(3) (statement of both the scope of review and the standard of review); Pa.R.A.P. 2111(a)(4) and 2116 (statement of questions involved);[2] Pa.R.A.P. 2111(a)(5) and 2117 (statement of the case); and Pa.R.A.P. 2111(a)(6) and 2118 (summary of the argument). However, we will overlook these defects and address Garcia's issues. ***See Commonwealth v. Blakeney***, 108 A.3d 739, 766 (Pa. 2014) (acknowledging that this Court may liberally construe materials filed by a *pro se* litigant). ***But see also id.*** (noting that *pro se* defendants are held to the same standards as licensed attorneys).

We begin by noting our well-settled standard of review: "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination

---

[2] We observe that Garcia divides the Argument section of his brief into eighteen separate, numbered "issues," which closely mirror the eighteen issues presented in his *pro se* Concise Statement.

is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Id.*** (citation omitted).

Under the PCRA, an issue is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding." 42 Pa.C.S.A. § 9544(b); ***see also Commonwealth v. Jones***, 815 A.2d 598, 607 (Pa. 2002) (same).

Here, the issues that Garcia sets forth in his Argument section numbered 1-6 and 13, could have been raised before the trial court and/or on direct appeal. ***See*** Brief for Appellant at 1-5, 9 (raising claims of prosecutorial misconduct and trial court error in, *inter alia*, (1) failing to conduct a competency hearing concerning the minor victim (who was 12 years of age at the time of trial); (2) permitting the victim to take a break during her testimony to speak with her mother; and (3) sentencing Garcia). Accordingly, all of these issues are waived under section 9544(b). ***See Jones***, 815 A.2d at 607; ***see also Commonwealth v. Abdul-Salaam***, 808 A.2d 558, 560 (Pa. 2001).

In the majority of his remaining issues, Garcia alleges that the representation rendered by his trial counsel was deficient in several respects. ***See*** Brief for Appellant at 5-11.

We review claims alleging ineffectiveness of counsel under the following standard:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. … [T]o prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. If a petitioner fails to prove any of these prongs, his claim fails. Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citations, quotation marks and brackets omitted).

Before addressing Garcia's ineffectiveness claims, we must determine whether he properly preserved them on appeal. Garcia did not raise his issues numbered 8, 10, 11 and 16 (*see* Brief for Appellant at 6, 7-8, 10) in his *pro se* PCRA Petition, Amended PCRA Petition, or the Responses to the Rule 907 Notice. Accordingly, he has waived these issues. *See* Pa.R.A.P.

- 5 -

302(a) (stating that a claim cannot be raised for the first time on appeal);

***Commonwealth v. Roney***, 79 A.3d 595, 611 (Pa. 2013) (holding that the appellant/PCRA petitioner waived his issues for failing to present them to the PCRA court); ***see also*** Pa.R.Crim.P. 902(B) (stating that "[e]ach ground relied upon in support of the relief requested shall be stated in the [PCRA] petition. Failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief.").

In his issue numbered 7, Garcia argues that his trial counsel was ineffective for failing to request a competency hearing concerning the proposed testimony of the minor victim, "where it [was] clear that the alleged victim did not remember the events that alleged[ly] took place[.]" Brief for Appellant at 5. According to Garcia, he was "prejudice[d] because[,] had trial counsel requested a competency hearing[,] there is a re[ason]able probability that [Garcia] would have been acquitted …." ***Id.*** at 6.

The PCRA court addressed this issue in its Rule 907 Notice as follows:

[Garcia] alleges that his trial counsel was ineffective for failing to request a competency evaluation/determination of the minor victim. Every witness, however, is presumed competent. Pa.R.E. 601(a). A party who challenges the competency of a minor witness must prove by clear and convincing evidence that the witness lacks "the minimal capacity … (1) to communicate, (2) to observe an event and accurately recall that observation, and (3) to understand the necessity to speak the truth." ***Commonwealth v. Delbridge***, 855 A.2d 27, 40 (Pa. 2003); ***Commonwealth v. Pena***, 31 A.3d 704, 707 (Pa. Super. 2011). Due to the fact [that] a child's ability to comply with these competency considerations increases with age, the inquiry must

be in line with the child's chronological immaturity. ***Commonwealth v. King***, 786 A.2d 993, 997 (Pa. Super. 2001). The failure of a court to conduct a separate competency hearing of a child will not necessarily prejudice a defendant. ***Commonwealth v. Harvey***, 812 A.2d 1190, 1199 (Pa. Super. 2002) (holding that because [the] trial court had the opportunity to observe a 13-year-old witness's demeanor and was the sole determiner of her truthfulness, the fact that the court did not engage in a distinct colloquy regarding the truthfulness aspects of her competency did not prejudice the appellant).

In this matter, [Garcia] has not presented any facts in his [PCRA] Petition how the failure of his counsel to call for a competency hearing did not have some reasonable basis designed to effectuate his interests[,] and would have changed the outcome of the case. The record demonstrates that, although no formal competency hearing was held, the court did swear the [victim] before she began [her] testimony, and the Commonwealth's direct examination of the [victim] began with simple factual questions[,] which the [victim] answered truthfully – her age, her school level and name, and the names of her mother, stepfather, and siblings. Given that the [victim] was nearly old enough to proceed without any competency hearing due to age, and given her apparent ability to answer the questions posed with a reasonable degree of certainty, [Garcia's] counsel may have reasonably concluded that the [victim] did not require a competency hearing, and that, accordingly, [counsel] did not find calling for one a necessary step in his trial strategy for [Garcia]. As a final note, [Garcia's] initial *pro se* [P]etition failed to explain how the [victim] could have been both too incompetent to testify and was "being coach [*sic*] by her mother to give false testimony to the court." [Garcia's] claim on this issue is thus without merit.

Rule 907 Notice, 11/30/16, at 4-5 (citation to record omitted). The PCRA court's analysis and determination is sound and supported by the record, and we therefore affirm on this basis in rejecting this claim of trial counsel's ineffectiveness. ***See id.***; ***see also Commonwealth v. Puksar***, 951 A.2d 267, 277 (Pa. 2008) (stating that "[a] claim of ineffectiveness cannot succeed

through comparing, in hindsight, the trial strategy employed with alternatives not pursued.").

In his issue numbered 9, Garcia avers that trial counsel was ineffective for failing to request a "bias jury instruction" concerning the testimony of Commonwealth witness Cynthia Midina ("Midina").[3] Brief for Appellant at 7. Garcia points out that Midina had testified prior to trial that Garcia had allegedly perpetrated other, uncharged sexual acts against the victim.[4] *Id.*

"[T]he decision whether to seek a jury instruction implicates a matter of trial strategy[.]" *Commonwealth v. Lesko*, 15 A.3d 345, 401 (Pa. 2011) (citing, *inter alia*, *Commonwealth v. Hawkins*, 894 A.2d 716, 730 (Pa. 2006) (collecting cases)). Where defense counsel had any reasonable basis for not requesting a certain jury instruction, counsel will not be found ineffective. *Commonwealth v. Sullivan*, 299 A.2d 608, 611 (Pa. 1973); *see also Spotz*, *supra*.

At trial, Midina did not present any testimony concerning the uncharged

---

[3] Midina is the victim's adult cousin, who often supervised the victim. N.T. (trial), 1/16-17/13, at 37. On the date of the sexual assault, Midina temporarily left the victim in the care of Garcia, while Midina went to the emergency room for treatment. *Id.* at 37-41. Upon returning later that day, Midina gave the victim a bath and noticed that her genitals were "really, really red[,]" whereupon the victim told Midina that Garcia had inserted his finger in her vagina. *Id.* at 43-45.

[4] Specifically, Midina testified at the Motion *in Limine* hearing that the victim had told her that Garcia had also forced the victim to perform oral sex on him (hereinafter referred to as "the uncharged sexual conduct"), in addition to touching her genitals with his fingers. N.T., 1/11/13, at 10, 13.

sexual conduct. Rather, she only testified to the victim's statement to her that Garcia had touched her genitals with his fingers. N.T., 1/16-17/13, at 45-46. Moreover, the trial court issued comprehensive instructions to the jury, including an instruction that it was the jury's sole province to evaluate whether any witness was biased for or against either party. *Id.* at 154-55 (stating that "[i]f you find that a witness has an interest or bias in the outcome of the case, you should consider such interest or bias in weighing his or her testimony."). Accordingly, we conclude that Garcia's trial counsel had no reasonable basis to request a separate "bias jury instruction"[5] concerning Midina's testimony, and therefore, cannot be deemed ineffective in this regard. *See Sullivan*, *supra*; *see also Hawkins*, 894 A.2d at 731 (rejecting the PCRA petitioner's challenge to his trial counsel's effectiveness in failing to request a jury instruction); *Commonwealth v. Fisher*, 813 A.2d 761, 770 (Pa. 2004) (stating that trial counsel cannot be deemed ineffective for failing to object to a proper jury charge).

In his issue numbered 12, Garcia contends that trial counsel was ineffective for failing to present evidence that, when the trial court permitted the victim to take a break in her testimony to speak with her mother, two witnesses allegedly overheard the victim's mother (in the courtroom hallway)

---

[5] Garcia fails to specify precisely which jury instruction would have been appropriate for his trial counsel to request in order to inform the jury that Midina, an adverse witness, was biased against Garcia.

- 9 -

"coaching" the victim to testify falsely (hereinafter, "the purported coaching evidence"). Brief for Appellant at 8-9.

This claim does not entitle Garcia to relief. Garcia cites to no evidence to substantiate his bald assertion that he had informed trial counsel of the purported coaching evidence. **See Commonwealth v. Solano**, 129 A.3d 1156, 1166 (Pa. 2015) (stating that, in order to prevail on a claim that trial counsel was ineffective for failing to call a witness, a PCRA petitioner must establish, *inter alia*, that counsel knew or should have known of the existence of the witness and his or her proposed testimony); **see also Commonwealth v. Jones**, 811 A.2d 994, 1002 (Pa. 2002) (undeveloped claims of ineffectiveness do not entitle a petitioner to relief). In any event, Garcia has failed to meet his burden of establishing that the absence of the purported coaching evidence was so prejudicial that it denied him a fair trial, **see Solano**, 129 A.3d at 1166, particularly where the Commonwealth provided other evidence that corroborated the victim's allegation that she was sexually assaulted.[6] Thus, Garcia's claim is without merit.

In his issue numbered 14, Garcia avers that trial counsel was ineffective for failing to cross-examine Commonwealth witness Detective William Kase

---

[6] Additionally, the PCRA court correctly observed in its Rule 907 Notice that "[t]he record also demonstrates that the trial court took care, while allowing the [victim] to step down briefly from the stand, to instruct her not to discuss the case with anyone during the break, even reiterating that she could talk to her mother about 'anything else[,] but not about the case.' (N.T.[,] 10/16/12[,] at p. 26)." Rule 907 Notice, 11/30/16, at 6.

("Detective Kase")[7] at the Motion *in Limine* hearing, wherein Detective Kase allegedly testified falsely. Brief for Appellant at 9. We disagree.

Garcia does not offer any evidence to establish (1) how trial counsel's failure to cross-examine Detective Kase at the pretrial hearing caused Garcia prejudice; or (2) Garcia's bald claim that Detective Kase's testimony was false. Accordingly, Garcia failed to establish that trial counsel was ineffective in this regard. ***See Spotz***, ***supra***; ***Jones***, ***supra***.[8]

In his issue numbered 15, Garcia contends that trial counsel was ineffective for failing to object to a medical opinion offered at trial by Commonwealth witness William Sotack, M.D. ("Dr. Sotack"), an emergency room physician who had performed an examination of the victim on the day of the sexual assault. Brief for Appellant at 9-10. According to Garcia, this "opinion" (which Garcia fails to identify) was based on hearsay statements that the victim made to Dr. Sotack, rather than Dr. Sotack's own observations during his examination. ***Id.***

Garcia's claim is belied by the record. Though Dr. Sotack recounted that the victim had informed him that Garcia had "rubbed her genital area

---

[7] Detective Kase had observed an employee of Berks County Children and Youth Services ("CYS") interview the victim (hereinafter, "the CYS interview"), via closed circuit television. In the CYS interview, the victim described the sexual assault by Garcia.

[8] Moreover, trial counsel cross-examined Detective Kase at trial, and attempted to undermine the allegations made by the victim at the CYS interview by pointing out that this interview occurred four days after the alleged sexual assault. N.T., 1/16-17/13, at 78-79.

- 11 -

with his fingers[,]" N.T., 1/16-17/13, at 63, Dr. Sotack also testified that he had personally observed "swelling and redness" in the area of the victim's vulva. *Id.* at 64. Moreover, Garcia's trial counsel vigorously cross-examined Dr. Sotack, and elicited from Dr. Sotack concessions that (1) he could not determine whether the victim's genitals had been penetrated; and (2) his recollection of his examination of the victim was based wholly on his medical notes, not his independent memory. *Id.* at 65-66. Accordingly, trial counsel was not ineffective for failing to object to Dr. Sotack's testimony. *See Spotz*, *supra*; *Commonwealth v. Weiss*, 606 A.2d 439, 441 (Pa. 1992) (stating that "[c]ounsel cannot be found ineffective for failing to pursue a baseless or meritless claim.").

In his issue numbered 17, Garcia argues that trial counsel was ineffective for failing to retain an expert medical doctor to review the victim's medical records, so that this expert could purportedly offer an opinion that other factors might have caused the redness and swelling of the victim's vulva after the alleged assault. Brief for Appellant at 10-11; *see also id.* (asserting that the swelling could have also been caused by a viral illness or the victim's having soiled herself on the date in question).

In its Rule 907 Notice, the PCRA court determined that Garcia failed to properly preserve this issue, stating as follows:

> [Garcia] failed to attach to his [PCRA] Petition a certification of any expert witnesses. "Where a petitioner requests an evidentiary hearing, the petition shall include a signed certification as to each intended witness stating the witness's

name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony. Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible." 42 Pa.C.S.A. § 9545(d)(1). As [Garcia] requested for his relief an evidentiary hearing, [his] failure to comply with this section renders this claim meritless.

Rule 907 Notice, 11/30/16, at 6-7. We agree with the PCRA court's reasoning and determination, and affirm on this basis as to this issue. **See id.**

In his final issue, Garcia alleges that PCRA counsel was ineffective for filing (1) a "late" Response to the Rule 907 Notice, *i.e.*, after the PCRA court's issuance of the Order dismissing Garcia's PCRA Petition; and (2) an Amended PCRA Petition that did not justify an evidentiary hearing. Brief for Appellant at 11.

It is well established that "claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal." **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*) (collecting cases); **Commonwealth v. Ford**, 44 A.3d 1190, 1200 (Pa. Super. 2012) (stating that "issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court.").

In the instant case, Garcia never raised his instant claim of PCRA counsel's ineffectiveness prior to the dismissal of his PCRA Petition and his filing of a Notice of Appeal and Rule 1925(b) Concise Statement. Thus, because Garcia raised this claim for the first time on appeal, we may not now address it. **See Henkel, supra**; **Ford, supra**; **see also** Pa.R.A.P. 302(a).

Accordingly, as none of Garcia's claims entitle him to collateral relief, the PCRA court properly dismissed his PCRA Petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2017