COMMONWEALTH OF
PENNSYLVANIA,
Appellee

v.

Alvin E. KING, Jr., Appellant

Superior Court of Pennsylvania.

Argued Oct. 3, 2001.

Filed Nov. 13, 2001.

Robert D. Gleason, Johnstown, for appellant.

David J. Kaltenbaugh, Asst. Dist. Atty., Ebensburg, for Com., appellee.

Before: DEL SOLE, President Judge, LALLY–GREEN and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 Alvin E. King, Jr., appeals from the December 21, 1999 judgment of sentence imposing a thirty (30) to one hundred and twenty (120) month aggregate term of imprisonment. The sentence carries an effective date of March 27, 1999, and was imposed after a jury found King guilty of kidnapping[1], indecent assault[2] and false imprisonment[3], the charges arising when appellant and his brother allegedly kidnapped and sexually assaulted a thirty-two-year-old, mentally handicapped woman.[4] Appellant was acquitted on the charges of rape, involuntary deviate sexual intercourse (IDSI) and sexual assault. A

timely, *pro se* notice of appeal was filed in this Court on January 18, 2000, and an amended, counseled notice of appeal was filed on April 4, 2001.

¶ 2 Appellant first argues the evidence presented was insufficient to sustain his conviction for kidnapping. It is appellant's position that to find him guilty of kidnapping under section 2901(a)(2), he must have been convicted of an underlying felony. That section of the Crimes Code states that a person is guilty of kidnapping if he unlawfully removes another a substantial distance, or if he unlawfully confines another for a substantial period in a place of isolation, with the intent, "[t]o facilitate commission of any felony or flight thereafter." *Id.* Appellant contends that because he was acquitted of rape and IDSI, there is no predicate felony to support his conviction for kidnapping.

¶ 3 We find appellant has misinterpreted the statute. The section in question states, *inter alia*, that the kidnapper must kidnap his victim with the *intent* to facilitate commission of a felony; the actual commission of or conviction for a felony is not an element of the crime of kidnapping. The statutory language of the crime is concerned with the state of mind of the kidnapper. To successfully prosecute the crime of kidnapping under this section, the Commonwealth must establish appellant kidnapped his victim *with the intent* to facilitate the commission of a felony.

¶ 4 The record establishes that on the day in question, the appellant and his brother were at the victim's residence, ap-

---

1. 18 Pa.C.S.A. § 2901(a)(2).

2. *Id.,* § 3126(a)(6).

3. *Id.,* § 2903.

4. Appellant's brother, Terry Lee King, was found guilty of rape, involuntary deviate sexu-

al intercourse, kidnapping, indecent assault, sexual assault and false imprisonment. His sentence was affirmed by this Court. *Commonwealth v. King,* 768 A.2d 884 (Pa.Super.2000) (unpublished Memorandum).

parently preparing to take a trip with the victim's foster father, Ronald Sheehan. When Sheehan decided not to make the trip, he asked the victim to inform the brothers, who were waiting for Sheehan in the garage of the residence. The victim testified that when she went to speak with the brothers, the appellant pushed her into the truck, driven by the brother and, after making a couple stops, the three of them drove to local truck stop where both brothers sexually assaulted her. When Sheehan found the victim, she was in the appellant's truck and was partially unclothed.

¶ 5 We agree that sufficient evidence was presented from which the jury could conclude appellant removed the victim a substantial distance *with the intent* to commit a felony. The fact that the jury acquitted him of rape and IDSI is of no import. Moreover, even if we were to agree with appellant's argument a predicate felony conviction must exist to support the crime of kidnapping, appellant's brother was indeed convicted of the felonies of rape and IDSI. The statutory language does not require that the felony which the actor had the intent to facilitate be committed by him as the principal.

■ ¶ 6 Next, appellant argues the probationary sentence imposed for false imprisonment was illegal because for the purpose of sentencing, the false imprisonment conviction should have merged with that of kidnapping. At the December 29, 1999 sentencing, the court imposed 30 to 120 months imprisonment for the kidnapping conviction, a three to 24–month concurrent term of imprisonment for indecent assault, and a concurrent 24–month term of probation for false imprisonment. The effective date of the sentence was March 27, 1999 (N.T., 12/21/99, at 15). Appellant contends false imprisonment is a lesser included offense of kidnapping, and there was no criminal act beyond that which was necessary to establish the crime of kidnapping that would support an additional sentence for the false imprisonment conviction. Therefore, the 24–month probationary sentence is illegal. Appellant also contends trial counsel was ineffective for failing to bring this error to the attention of the sentencing court.

■ ¶ 7 While we agree an illegal sentence claim based upon merger of the underlying convictions cannot be waived, *see Commonwealth v. Adams*, 350 Pa.Super. 506, 504 A.2d 1264 (1986) (*en banc*), appeal denied, 515 Pa. 603, 529 A.2d 1078 (1987), for the reasons set forth below, we will not address the merit of appellant's merger argument. The sentence objected to is the concurrent, 24–month term of probation imposed on December 21, 1999, and *effective* March 27, 1999. Accordingly, as of this writing, appellant has completed the sentence to which he objects. While we have found no case directly on point, in support of our holding we analogize and distinguish the similar case of *Adams, supra*.

¶ 8 On March 4, 1975, Adams pled guilty, at two separate bills of indictment, to aggravated assault and robbery. For the aggravated assault conviction, the court imposed an 11½ to 23–month term of imprisonment; for the robbery conviction, a concurrent, 5–year term of probation was imposed. On February 17, 1978, following a revocation of probation hearing, the court revoked the 5–year term of probation for the robbery conviction and imposed a 10–year term of probation. On June 10, 1982, following a second probation revocation hearing, the court revoked the 10–year sentence of probation and imposed a 10 to 20–year term of imprisonment for robbery.

¶ 9 Adams then appealed, arguing, *inter*

*alia,*[5] the 1982 sentence was invalid because the original 1975 sentences for aggravated assault and robbery were illegal because the crimes should have merged for sentencing purposes. The *Adams* Court found that under the circumstances presented, the crime of aggravated assault merged with that for robbery, the latter carrying the greater possible sentence.[6] On that basis, the Court concluded the 11½ to 23–month sentence of imprisonment for aggravated assault was illegal, and the sentence for robbery, the 10 to 20–year sentence from which Adams appealed, was legal. It is at this point that the *Adams* case may be distinguished from that presently before this Court.

¶ 10 The *Adams* Court found, "[e]ven though the sentence for aggravated assault expired approximately nine years ago, the illegality of the sentence [was] not moot." *Id.* at 1270. The Court reasoned the legality of the expired sentence had direct criminal consequences.

> Although the prison sentence for aggravated assault which [Adams] has fully served was illegal, the longer sentence for appellant's robbery conviction stemming from the same criminal act giving rise to the aggravated assault conviction was legal and has not yet been fully served. Because the two sentences—— one for aggravated assault and one for robbery—— were imposed for the same criminal act, only one of them, the robbery sentence, can be legally imposed. Because [Adams] has been required to serve an illegal sentence for the one act which gave rise to both the aggravated assault and robbery convictions, and because the legal sentence for the one criminal act has not yet expired,

appellant should receive credit on the legal sentence for the time served on the illegal sentence.

*Id.* at 1270–1271. The Court concluded aggravated assault was a lesser included offense of robbery, therefore the sentence imposed and already served for aggravated assault was illegal. The Court also concluded Adams should be given credit for time served on the expired sentence; therefore, the legality of the expired sentence had direct criminal consequences.

¶ 11 In the matter before us, however, King is challenging the legality of the 24–month probationary sentence imposed and already served for the crime of false imprisonment, arguably the lesser included offense to kidnapping, which carries the greater possible sentence. Accordingly, there are no criminal or civil consequences to be endured by King as the result of the probationary sentence that has expired.

¶ 12 On this basis, we find appellant's challenge to the legality of the sentence, which has expired and which bears no collateral civil or criminal consequences, is moot and will not be addressed by this Court. *Cf. Commonwealth v. Doria,* 468 Pa. 534, 364 A.2d 322 (1976) (holding when a criminal sentence has been fully satisfied, a collateral attack upon the *underlying conviction* is not moot if the appellant could show criminal or civil collateral consequences) (emphasis added); *Commonwealth v. Rohde,* 485 Pa. 404, 402 A.2d 1025 (1979) (holding when a criminal sentence has been fully satisfied, an appeal challenging the *underlying conviction* is not moot if there is a *possibility* of criminal or civil collateral consequences as a result of the conviction) (emphasis added);

---

**5.** Adams also raised an argument the court had no power to revoke his probation in 1982. The *Adams* Court found the argument to be without merit, reasoning a clerical error

had caused the confusion, and the court possessed the power to correct this error.

**6.** *See Commonwealth v. Kozrad,* 346 Pa.Super. 470, 499 A.2d 1096 (1985).

*Commonwealth v. Kelly*, 274 Pa.Super. 242, 418 A.2d 387 (1980) (holding where the appellant challenged the court's interpretation of his sentence and not the legality of his sentence or conviction, and the sentence has been fully served, the challenge was moot unless the possibility of collateral consequences arose solely from the court' s interpretation of the sentence). Likewise, we refrain from addressing the related ineffectiveness claim as there is no adequate remedy.

¶ 13 Appellant next argues the trial court was obligated to conduct a more thorough inquiry into the competency of the victim, a 32–year–old functioning at the mental capacity of a seven-year-old. Appellant contends the victim's testimony at the competency hearing was "less than lucid" and "demonstrated a tenuous ability to understand questions and communicate intelligent answers[.]" Appellant's brief at 21. In support of his argument, appellant cites to various exchanges that occurred on the record between the judge and the victim/witness, including but not limited to the fact the victim still believes in the Easter Bunny and Santa Claus. *Id.* at 22.

¶ 14 The determination of the trial court regarding the competency of a mentally handicapped person should not be disturbed absent a clear abuse of discretion. *Commonwealth v. Anderson*, 381 Pa.Super. 1, 552 A.2d 1064 (1988), *appeal denied*, 524 Pa. 616, 571 A.2d 379 (1989). The *Anderson* Court concluded that a competency investigation by the trial court should include a determination of whether the witness had the ability (1) to perceive the occurrence with a substantial degree of accuracy; (2) to remember the event being considered; (3) to understand and communicate intelligent answers about the occurrence; and (4) to be mindful of the need for truthfulness. *Id.* Due to the fact a child's ability to comply with these competency considerations increases with age, the inquiry must be in line with the child's chronological immaturity. *Id.* Finally, the *Anderson* Court held that the competency considerations applicable to a child witness are applicable to a mentally handicapped adult with the mental capacity of a child. *Id.*

¶ 15 We agree with the trial court and the Commonwealth that the victim's testimony demonstrated her limited mental capacity but did not negate her ability to understand or comprehend what had happened to her or the need for truthfulness during the proceedings. In its Opinion, the trial court reasoned the victim related with some detail, in chronological sequence, the events occurring on the day of her assault. She also was able to identify the appellant as one of her assailants. The victim testified she was forced into the truck by the appellant, driven to a parking lot, and sexually assaulted, against her will, by both brothers. While the victim testified she believed in Santa Claus and the Easter Bunny, and slept with a baby doll, the licensed psychiatrist who examined the victim and testified on behalf of the Commonwealth, Dr. Grant Croyle, opined that this behavior was consistent with that traditionally expressed by a seven-year-old. The trial court found these beliefs did not go to the witness's ability to recall and accurately relate events in a truthful manner. (Trial Court Opinion, Krumenacker, J., 4/16/91, at 3–4.) We find the trial court conducted an adequate examination of the witness and did not abuse its discretion by finding her competent to testify.

¶ 16 Having found each of appellant's arguments devoid of merit, we affirm judgment of sentence.

¶ 17 Judgment of sentence affirmed.