J-S73042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN ALLEN CRAGGETTE | : | |
| | : | |
| Appellant | : | No. 968 WDA 2018 |

Appeal from the Judgment of Sentence Entered February 28, 2018
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0004967-2016

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY OLSON, J.:                **FILED JANUARY 3, 2019**

Appellant, Brian Allen Craggette, appeals from the judgment of sentence entered on February 28, 2018, following his jury trial convictions for kidnapping to facilitate a felony or flight, possession with intent to deliver a controlled substance, fleeing or attempting to elude police officer, unlawful restraint, tampering with physical evidence, and recklessly endangering another person.[1]  We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> [The aforementioned] charges stemmed from an incident that occurred on September 29, 2016, where confidential informant Jenny Miller indicated to Detective Sergeant John Swank and Detective Ray Dupilka that she could assist in arranging a

---

[1] 18 Pa.C.S.A. § 2901(a)(2), 35 P.S. § 780-113(a)(30), 75 Pa.C.S.A. § 3733, 18 Pa.C.S.A. § 2902, 18 Pa.C.S.A. § 4910, and 18 Pa.C.S.A. § 2705, respectively.

purchase of cocaine from [Appellant]. With the assistance of Detective Tony Marcocci, the controlled buy was arranged and set into motion. However, the purchase did not go as planned when Jenny Miller proceeded to walk out of Detective Marcocci's line of sight and into [Appellant's] vehicle to complete the purchase. According to Ms. Miller, [Appellant] proceeded to drive around the block because he believed that the area was too risky to continue the purchase. At that point, he realized that Ms. Miller had set him up and a high-speed chase occurred with [Appellant] fleeing from officers. The chase ended when [Appellant's] vehicle, with Ms. Miller as a passenger, crashed. [Appellant] fled on foot, but was captured and arrested.

After deliberations, the jury found [Appellant] guilty on all counts. On February 28, 2018, [the trial c]ourt sentenced [Appellant] to an aggregate sentence of six to twelve years['] incarceration. [Appellant] then filed timely [p]ost-[s]entence [m]otions on March 7, 2018.

Trial Court Opinion, 6/19/2018, at 1-2.

The trial court, with the Commonwealth's consent, granted Appellant additional time to file a brief in support of his post-sentence motion. Appellant filed a subsequent brief. The trial court denied relief by order and accompanying opinion on June 19, 2018. This timely appeal resulted.[2]

On appeal, Appellant raises the following issues for our review:

1. Whether the jury's verdict [for] kidnapping to facilitate a felony was based on sufficient evidence?

2. Whether the jury's verdict [for] kidnapping to facilitate a felony was against the weight of the evidence?

Appellant's Brief at 2 (superfluous capitalization omitted).

---

[2] Appellant filed a notice of appeal on June 22, 2018. On June 26, 2018, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on July 2, 2018. On July 10, 2018, the trial court entered an order relying upon its earlier opinion as its rationale for denying relief.

- 2 -

Appellant summarizes his argument as follows:

Although [] Appellant transported [confidential informant] Miller a substantial distance at a high rate of speed, the intent was not to commit a kidnapping or any offense against Miller, but to evade capture. Moreover, [] Appellant's intent was not shown to be to commit a kidnapping to assist his flight, but rather that the alleged 'kidnapping' occurred incidental to the police chase and not in the facilitation of an escape. Miller, until the time of the flight, willfully participated with [] Appellant as a confidential informant. Simply because she decided to no longer participate when [] Appellant realized the presence of police does not transform flight into a kidnapping when [] Appellant refuses to stop his vehicle for authorities.

[] Appellant's movement of Miller in this matter was not proven to be in the facilitation of a felony or flight, but *incidental* to the flight itself. Nothing in [] Appellant's actions demonstrated an intent to kidnap, but rather solely to escape capture. [] Appellant's alleged kidnapping occurred not in the facilitation of a felony or an escape, but collateral to his refusal to pull over and let Miller out.

*Id.* at 13 (record citations omitted) (emphasis in original).

Our standard of review regarding the sufficiency of the evidence is as follows:

In reviewing sufficiency of evidence claims, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all the elements of the offense. Additionally, to sustain a conviction, the facts and circumstances which the Commonwealth must prove, must be such that every essential element of the crime is established beyond a reasonable doubt. Admittedly, guilt must be based on facts and conditions proved, and not on suspicion or surmise. However, entirely circumstantial evidence is sufficient so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt.

Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that

as a matter of law no probability of fact may be drawn from the combined circumstances. The fact finder is free to believe all, part, or none of the evidence presented at trial.

*Commonwealth v. Eckrote*, 12 A.3d 383, 385–386 (Pa. Super. 2010) (internal citations and quotations omitted).

A person is guilty of "kidnapping if he unlawfully removes another a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines another for a substantial period in a place of isolation, [t]o facilitate commission of any felony or flight thereafter[.]" 18 Pa.C.S.A. § 2901(a)(2).

"The kidnapper must kidnap his victim with the intent to facilitate commission of a felony; the actual commission of or conviction for a felony is not an element of the crime of kidnapping." *Commonwealth v. King*, 786 A.2d 993, 994 (Pa. Super. 2001). "The statutory language of the crime is concerned with the state of mind of the kidnapper." *Id.* "To successfully prosecute the crime of kidnapping under [Section 2901(a)], the Commonwealth must establish appellant kidnapped his victim with the intent to facilitate the commission of a felony." *Id.*

This Court examined the Model Penal Code's provisions that correspond with 18 Pa.C.S.A. § 2901(a), in *Commonwealth v. Barfield*, 768 A.2d 343 (Pa. Super. 2001). Therein, we noted that kidnapping or "the removal or confinement with intent 'to facilitate commission of any felony or flight thereafter'" was enacted because "[t]he underlying perception is that kidnapping in order to commit or escape from a serious crime is especially

- 4 -

likely to create risk to the victim." **Barfield**, 768 A.2d at 347. Our Court determined that "this danger will arise if the predictable confrontation with the police occurs [and, thus, Section 2901(a)2, modeled after Model Penal Code § 212.1,] permits conviction, therefore, for kidnapping by a fleeing felon who commandeers a car and forces the owner to drive somewhere merely for the sake of the ride." **Id.**

In this case, there is no dispute that Ms. Miller was removed a substantial distance for a substantial amount of time. Hence, the trial court properly determined that "Ms. Miller was removed from the Greensburg area […] a substantial distance to the church parking lot in Crabtree, and that she was moved to a place where she clearly faced an increased risk of harm due to the high speeds, oncoming traffic, and eventual crash." Trial Court Opinion, 6/19/2018, at 4.

The trial court further found:

[I]n viewing the evidence in the light most favorable to the Commonwealth, the testimony [] support[s] a finding that [Appellant's] decision to keep Ms. Miller in the car was done with the intention to make it easier to flee after committing the felony of possession with intent to deliver.

Before any police vehicles initiated their lights or a pursuit, [Appellant] told Ms. Miller that there were cops in the area and accused her of setting him up. At that point in time, [Appellant] could have allowed Ms. Miller to exit the vehicle, which does not support Appellant's contention that her presence in the vehicle was incidental to the flight. After [police] initiated pursuit, Ms. Miller testified that [Appellant] stated he was not going to stop and that he was not going to jail. This supports a finding that [Appellant] knew he was fleeing from the commission of a felony that could result in jail time.

Furthermore, Ms. Miller testified that she observed what she suspected to be drugs tossed from [Appellant's] driver side window. The tossing of the drugs out of the window would be evidence that [Appellant] was fleeing the commission of a felony. To confirm Ms. Miller's account, the Commonwealth presented the testimony of [a detective] along with video from the [police vehicles'] dash cameras[,] and explained how a subsequent search resulted in the discovery of a [discarded,] knotted bag containing cocaine.

*Id.* at 5 (record citations omitted).

Moreover, the trial court further noted:

Multiple witnesses testified that Ms. Miller attempted to exit the vehicle by opening the door, but she was forced to remain due to the accelerated speed.

\*     \*     \*

Ms. Miller testified that she wanted to get out of the car. The only time it came to a slight stop, she did attempt to open the door, but [Appellant] sped up before she could safely exit the vehicle. [Appellant] never expressed a willingness to slow down or let her out of the vehicle.

*Id.* at 4 (record citations omitted).

Upon review of the record, applicable law, and the trial court's decision, we discern no abuse of discretion or error of law in denying Appellant's sufficiency of the evidence claim. Appellant removed the victim in this case a substantial distance. Appellant intended to sell cocaine to the victim, but became paranoid that police were following him and accused the victim of setting him up with the police. Appellant discarded cocaine as he fled at high speed. Such actions show Appellant knew he was fleeing from the commission of a felony. Furthermore, the completed sale of narcotics was simply not

required in order to support the kidnapping conviction. Moreover, the jury's conclusion that Appellant intended to kidnap the victim to aid in flight to avoid police apprehension was supported by the evidence, because Appellant accused the victim of working with police to get him arrested, refused to stop when the victim asked to get out, and sped up when she tried to open her door. Accordingly, there was substantial evidence that the victim was not "incidentally" riding as a passenger during a police chase, as Appellant suggests. Appellant held the victim against her will in a moving vehicle and took her from one location to another, a sizable distance away, while fleeing from police to avoid felony prosecution for selling drugs. Thus, we conclude that there was sufficient evidence to support Appellant's conviction for kidnapping to facilitate a felony or flight. As such, Appellant's first issue fails.

In his second issue presented, Appellant claims that his conviction for kidnapping to facilitate a felony or flight was against the weight of the evidence. More specifically, Appellant argues, "[t]he jury's apparent confusion over the mischaracterization of a flight veiled as a kidnapping without supporting evidence is a miscarriage of justice." *Id.* Appellant again argues that "[t]he Commonwealth's evidence demonstrated the alleged kidnapping occurred incidental to – and not in facilitation of – flight or the commission of a felony." *Id.*

Our standard of review is as follows:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere

conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. Thomas***, 194 A.3d 159, 168 (Pa. Super. 2018) (citation omitted).

As discussed above, however, we have concluded that evidence presented at trial established that the kidnapping was not merely incidental to the police chase. Hence, the trial court's determination that the verdict did not shock its sense of justice was not an abuse of discretion. Accordingly, Appellant is not entitled to relief on his weight of the evidence claim as presented.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/3/2019