J-A06032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
BRUCE EDWARD ZIGARSKI, JR   :
  :
Appellant   :   No. 724 MDA 2018

Appeal from the Judgment of Sentence Entered April 5, 2018
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s): CP-49-CR-0000675-2017

BEFORE:   OTT, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:     **FILED: MARCH 27, 2019**

Bruce Edward Zigarski, Jr. (Zigarski) appeals from the judgment of sentence imposed after his probation revocation in the Court of Common Pleas of Northumberland County (trial court). Specifically, he challenges the court's failure to grant him credit for time-served. Even though the Commonwealth agrees that the trial court erred in failing to give Zigarski thirty-one days of credit for time served, we dismiss the action as moot.

We take the following factual and procedural history from our review of the certified record. On May 31, 2017, Zigarski pleaded guilty to one count of possession of drug paraphernalia, 35 P.S. § 780-113(a)(32), and the court

_____
* Retired Senior Judge assigned to the Superior Court.

sentenced him to six months of probation.[1]  When Zigarski violated his probation terms, the trial court issued a bench warrant and he was apprehended on October 31, 2017.  He remained detained on the warrant until his revocation hearing.

At the December 7, 2017 hearing, the court revoked Zigarski's probation and sentenced him to a term of incarceration of not less than two nor more than twelve months.  Although Zigarski requested credit for time served since October 31, 2017, the court declined to do so.  Instead, it elected to preserve the time-served for sentencing in another case for which Zigarski had been in jail since November 4, 2017 (Case 802-2017), and granted him a credit of four days for the period of October 31-November 3, 2017, in this case.  However, when Zigarski later pleaded guilty in case 802-2017, the court sentenced him only to pay a fine and did not give him credit for time-served from November 4, 2017, until December 7, 2017.

When Zigarski was paroled, he once more violated its terms.  At the April 5, 2018 revocation hearing, Zigarski again requested that the court amend his sentence to include credit for all time-served.  His probation officer also recommended that the court grant the time since it had not been applied

_____

[1] The same day, Zigarski also pleaded guilty to one count of possession of paraphernalia at Docket Number 676-2017, and the court sentenced him to the same term of probation to run concurrently.  The issue in that case is identical to the one raised here and is the subject of another appeal filed at 725 MDA 2018.

to the sentence imposed in Case 802-2017. (*See* N.T. Hearing, 4/05/18, at 3). The court applied the available time to his minimum term, allowing him to seek parole in July 2018, but it denied Zigarski's request as to his maximum sentence, and re-sentenced him to serve the remainder of his term scheduled to expire on December 3, 2018. After the trial court denied his post-sentence motion, Zigarski timely appealed.

On appeal, Zigarski challenges the legality of his sentence arguing that the trial court's failure to grant credit for time-served resulted in a sentence that exceeds the maximum penalty of twelve months pursuant 35 P.S. § 780-113(i).[2] He maintains that since his period of incarceration commenced on October 31, 2017, his maximum date should be October 30, 2018, not December 3, 2018. (*See* Zigarski's Brief, at 8-10).

Before we address Zigarski's claim, we must determine if we have jurisdiction to consider it. It is well-settled that "an actual case or controversy must exist at all stages of appellate review." *Commonwealth v. Benn*, 680 A.2d 896, 897 (Pa. Super. 1996) (citation omitted). "Since the existence of an actual controversy is essential to appellate jurisdiction, if, pending an appeal, an event occurs which renders it impossible for the appellate court to

---

[2] Pursuant to 35 P.S. § 780-113(i): "Any person who violates clause[] (32) . . . of subsection (a) is guilty of a misdemeanor and upon conviction thereof shall be sentenced to pay a fine not exceeding two thousand five hundred dollars ($2,500) or to **imprisonment not exceeding one (1) year**, or both. . . ." 35 P.S. § 780-113(i) (emphasis added).

grant any relief, the appeal generally will be dismissed." ***Id.*** (citation omitted).

In this case, based on the facts as pleaded by the parties, Zigarski completed his sentence on December 3, 2018, while this appeal was pending. Because he is no longer incarcerated on the conviction in this case and does not argue that the sentence has collateral civil or criminal consequences, his issue is moot. ***See Commonwealth v. King***, 786 A.2d 993, 996 (Pa. Super. 2001), *appeal denied*, 812 A.2d 1228 (Pa. 2002) (finding court would not address appellant's moot legality of sentence issue where sentence had expired and bore no collateral civil or criminal consequences). Because the matter is moot, we are precluded from considering the merits of this appeal and must dismiss the appeal due to lack jurisdiction. ***See id.***; ***see also Benn***, ***supra*** at 898 (appellate court will not consider moot issue).

Appeal dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/27/2019

- 4 -