J-S31043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DA'RON A. COX | : | |
| | : | |
| Appellant | : | No. 114 WDA 2019 |

Appeal from the PCRA Order Entered November 29, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001126-1997,
CP-02-CR-0002029-1997

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED SEPTEMBER 13, 2019**

Da'Ron A. Cox appeals from the order dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Cox was charged with first-degree murder and firearms not to be carried without a licence[1] under the two trial court docket numbers listed above, and a jury found him guilty of both charges. The court sentenced Cox to life imprisonment for the murder conviction and to a concurrent term of three and one-half to seven years' imprisonment for the firearms conviction. This Court affirmed Cox's judgments of sentence, and the Pennsylvania Supreme Court denied Cox's petition for allowance of appeal on June 22, 1999. He did not seek review in the United States Supreme Court.

---

[1] 18 Pa.C.S.A. §§ 2501 and 6106, respectively.

Cox filed the instant *pro se* PCRA petition, his fourth, on July 9, 2018. Cox asserted that although he was 18 years old when he committed the acts for which he was sentenced, his sentence of life without parole violated the Eighth Amendment of the United States Constitution, pursuant to the reasoning set forth in **Miller v. Alabama**, 132 S.Ct. 2455 (2012) (holding mandatory sentence of life imprisonment without parole, for those who committed crimes before turning 18, violates Eight Amendment). The petition did not address its timeliness.

The PCRA court issued a Rule 907 notice of its intent to dismiss the petition on the basis that it was untimely and because the issue had been litigated in one of Cox's previous PCRA petitions. **See** Pa.R.Crim.P. 907. Cox responded to the notice, but did not address the court's reasons for dismissal. The court thereafter dismissed the petition. Cox filed a timely notice of appeal on December 21, 2018.[2]

Prior to considering the court's reasons for dismissal, we must address whether Cox complied with Pa.R.A.P. 341, as his failure to do so would require this Court to quash his appeal. **See Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018). In **Walker**, the Pennsylvania Supreme Court held that, pursuant to Rule 341, an appellant's failure to file separate notices of appeal

---

[2] The notice of appeal erroneously states that the appeal lies from the order entered December 18, 2018. However, the court denied Cox's petition on November 29, 2018. We have amended the caption accordingly.

- 2 -

"when a single order resolves issues arising on more than one lower court docket" requires quashal of the appeal. **Walker**, 185 A.3d at 977.[3]

As stated above, the trial court imposed two judgments of sentence at two separate docket numbers—one for Cox's murder conviction and one for his firearms conviction. The court entered two corresponding sentencing orders, one on each docket.

Subsequent to the entry of those orders, the overwhelming majority, if not all, of the filings for these cases reference both docket numbers and appear in the docket entries for both docket numbers. However, many, if not all, of the actual documents are only in the certified record for Cox's murder conviction. Such documents include those related to Cox's direct appeal, our order affirming Cox's judgments of sentence, all previous PCRA proceedings, Cox's instant PCRA petition, the court's Rule 907 notice, Cox's response, and the court's final order denying the petition. Similarly, Cox's notice of appeal from the order dismissing the subject PCRA Petition references both trial court docket numbers, and appears in both lists of docket entries. However, a copy of the notice is only to be found in the certified record for Cox's murder conviction.

Given the foregoing, we conclude that quashal is inappropriate. The state of the certified record for the two cases suggests that Cox mailed in two

---

[3] **Walker** specified that its holding would apply prospectively to notices filed after the date of the decision, which was June 1, 2018. 185 A.3d at 977. Cox's notice of appeal was filed after the **Walker** decision, and therefore must conform to **Walker's** requirements.

copies of the notice, one for each docket, and the court only included a copy in the certified record related to Cox's murder conviction, as the court has done with every other document filed in this case since it first imposed sentence in 1997. This is further indicated by the fact that the clerk recorded a notice of appeal as filed on each docket.

Second, *Walker* states that separate notices of appeal must be filed where the order under appeal "resolves issues arising on more than one lower court docket." *Walker*, 185 A.3d at 977. Here, however, Cox's PCRA petition and the order dismissing it raises issues arising on only one docket—Cox's judgment of sentence for his murder conviction. So, Cox only needed to have filed a single notice of appeal, on the docket related to his judgment of sentence for murder, and the record for that case reflects that he did so.[4] This case is thus distinguishable from those cases in which quashal was appropriate because the claims raised on appeal involved multiple dockets. *See Walker*, 185 A.3d at 977 (holding quashal prospectively appropriate should Commonwealth again file single notice of appeal challenging trial court's order granting suppression for four defendants across four docket numbers); *Commonwealth v. Nichols*, 208 A.3d 1087, 1090 (Pa.Super. 2019)

---

[4] In differentiating the treatment of Cox's two cases, we are mindful that even if Cox's attack on his judgment of sentence for murder is successful, it would not subject his firearms conviction to resentencing, as the maximum term imposed—seven years—has been completed. *See Commonwealth v. King*, 786 A.2d 993, 996-97 (Pa.Super. 2001) (resentencing moot where sentence has expired).

- 4 -

(quashing appeal where appellant filed single notice of appeal from PCRA order denying relief on claims of ineffective assistance of counsel on three docket numbers); *Commonwealth v. Williams*, 206 A.3d 573, 575 (Pa.Super. 2019) (quashing appeal where appellant filed single notice of appeal from PCRA order denying relief on four docket numbers);[5] *Matter of M.P.*, 204 A.3d 976, 981 (Pa.Super. 2019) (quashing appeal where the court, across four docket numbers, changed the placement goals of mother's two children and involuntarily terminated mother's parental rights to the two children, and mother only filed two notices of appeal, one for each child, rather than four, one for each docket number).

We decline to quash, and turn to the merits of the appeal. Cox raises the following issues:

> I. Was [Cox] denied his rights under the Eighth Amendment to the United States Constitution and Article 1, Section 26 of the Pennsylvania Constitution, where the brain functions relevant to the characteristics of youth relied upon by the United States Supreme Court's decision[s] in *Montgomery v. Louisiana*[, 136 S.Ct. 718 (2016) and] *Miller v. Alabama*, are still developing in adults?
>
> II. Whether the [c]ourt erred [in] failing to . . . use . . . scientific and sociological evidence when sentencing a youthful offender[.]

Cox's Br. at 4 (Cox's suggested answers omitted).

---

[5] Although the *Williams* decision did not discuss whether the PCRA claims related to all four docket numbers, our review of the appellant's brief in that case indicates that appellant raised claims related to each underlying conviction.

- 5 -

"When reviewing the denial of a PCRA petition, this Court's standard of review is limited 'to whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error.'" ***Commonwealth v. Hart***, 199 A.3d 475, 481 (Pa.Super. 2018) (quoting ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa.Super. 2018)).

As the PCRA's time restrictions are jurisdictional in nature, we may not address the substantive claims presented in an untimely petition. ***Commonwealth v. Rizvi***, 166 A.3d 344, 347 (Pa.Super. 2017). Any PCRA petition must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless an exception to the one-year time-bar applies. 42 Pa.C.S.A. § 9545(b)(1). The judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking such review. ***Id.*** at § 9545(b)(3). Here, Cox's judgment of sentence became final in 1999, after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for seeking review in the Supreme Court of the United States expired. As Cox's 2018 petition was filed over a year later, it is facially untimely.

A petition filed after the one-year deadline is nonetheless timely if the petitioner pleads and proves one of three enumerated exceptions. ***Id.*** at § 9545(b)(1)(i-iii); ***Commonwealth v. Feliciano***, 69 A.3d 1270, 1275 (Pa.Super. 2013). Cox's brief, like his filings below, does not address the

timeliness of his petition. We thus conclude, as did the PCRA court, that Cox's petition is untimely, and affirm its dismissal.[6]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2019

---

[6] Although we are mindful that we may not address the substantive issues raised in Cox's petition, we note that Cox's third PCRA petition was also premised on **Miller** and **Montgomery**. We affirmed the PCRA court's dismissal of that petition because **Miller** and **Montgomery** do not apply to Cox's case, as he was 18 years old at the time he committed murder. **See Commonwealth v. Cox**, No. 964 WDA 2016, 2017 WL 393425, at *1 (Pa.Super. filed Jan. 30, 2017) (unpublished memorandum).