J-A09018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COREY MCKENZI BLANCHARD | : | |
| | : | |
| Appellant | : | No. 341 WDA 2019 |

Appeal from the Judgment of Sentence Entered February 14, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0014910-2016

BEFORE:   SHOGAN, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 24, 2020**

Corey Mckenzi Blanchard (Appellant) appeals from the judgment of sentence imposed following the revocation of his probation.  Upon review, we dismiss as moot.

Appellant's underlying conviction of one count of terroristic threats[1] arose after he threatened the lives of healthcare workers at Western Psychiatric Hospital in Pittsburgh.  ***See*** Trial Court Opinion, 6/26/19, at 2. Appellant entered a guilty plea on August 2, 2017, and on January 8, 2018, the trial court sentenced him to 11½ to 23 months of imprisonment, followed by 3 years of probation.  Because Appellant had previously served 412 days

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2706(a)(1).

in the Allegheny County Jail, the trial court granted him immediate parole. *See id.* at 3; Sentencing Order, 1/8/18, at *1.

The Commonwealth subsequently alleged that Appellant violated the terms of his probation. Appellant appeared before the trial court on February 14, 2019 for a ***Gagnon II***[2] hearing. The trial court found Appellant to be in violation of the terms of his probation, revoked his probation, and resentenced Appellant to a period of 1½ to 3 years of incarceration, with credit for 723 days of time served. Sentencing Order, 2/14/19, at *1.

On February 22, 2019, while still represented by the Allegheny County Public Defender's Office, Appellant filed a *pro se* notice of appeal.[3] On February 25, 2019, Appellant filed a counseled post-sentence motion. The trial court denied Appellant's post-sentence motion on February 28, 2019, and Appellant's counsel filed a notice of appeal on March 4, 2019. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents two issues for review:

_____

[2] *See **Gagnon v. Scarpelli***, 411 U.S. 788 (1973).

[3] Appellant filed "a snap *pro se* notice of appeal." *See **Commonwealth Cooper***, 27 A.3d 994, 1008 (Pa. 2011). Thereafter, his counsel filed a timely post-sentence motion, which the court denied, and then a second timely notice of appeal. "The merely premature *pro se* appeal did not divest the trial court of jurisdiction to act upon the timely post-sentence motion later filed by [Appellant's] own counsel in accordance with Criminal Rule 720(A)." ***Id.*** Therefore, "[o]nce the motion was decided, the thirty day appeal clock was triggered." ***Id.*** (citing Pa.R.Crim.P. 720).

- 2 -

1. Was the 18-to-36 month state prison sentence imposed on Appellant at his Probation Violation Hearing manifestly excessive *per se*, given that (A) Appellant was a Technical Probation Violator, not a Convicted Probation Violator; (B) there was no showing that he was likely to commit a crime while on probation unless he was imprisoned; and (C) there was no showing that an order of imprisonment was essential to vindicate the authority of the probation court?

2. Was the 18-to-36 month state prison [sentence] imposed on Appellant at his Probation Violation Hearing manifestly excessive, even if imprisonment of some sort could be imposed, given that (A) he was a First Degree Misdemeanor offender; (B) he was, as previously indicated, a Technical Probation Violator rather than a Convicted Probation Violator, and had not had any contact with law enforcement during his probation term; (C) he suffered from mental health disorders XXX that both interfered with his ability to comply fully with probation conditions and which constituted mitigating circumstances in their own right; and (D) he presented reasons explaining his non-compliance with the conditions of his probation, including XXX?

Appellant's Brief at 4-5.[4]

Both of Appellant's claims challenge the discretionary aspects of his sentence. In response, the Commonwealth argues that Appellant's claims are moot because his maximum sentence expired while this appeal was pending. Commonwealth Brief at 6-8. After careful review, we agree.

"An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." ***Commonwealth v. Nava***, 966 A.2d 630, 633 (Pa. Super. 2009). "[W]hen a criminal defendant

---

[4] Appellant's Rule 1925(b) statement raises two additional claims. ***See*** Rule 1925(b) Statement, 3/13/19, at *1-2. However, because Appellant abandoned these claims in his brief, we do not address them. Appellant's Brief at 4-5; ***see also Commonwealth v. Briggs***, 12 A.3d 291, 310 n.19 (Pa. 2011), ***cert. denied***, 132 S.Ct. 267 (2011) (refusing to address claim appellant raised with trial court but subsequently abandoned in brief).

appeals the lower court's interpretation of his sentence and does not challenge the legality of his sentence or conviction and the sentence is completed before the case is decided, the case is moot unless the possibility of collateral consequences arises solely form the interpretation of the sentence." ***Commonwealth v. Kelly***, 418 A.2d 387, 388 (Pa. Super. 1980). "Under Pennsylvania law, if Appellant completed the aggregate maximum term of imprisonment while his appeal was pending, he would not be subjected to any direct criminal consequences and his challenge to the legality of his sentence . . . would be moot and incapable of review." ***Commonwealth v. Schmohl***, 975 A.2d 1144, 1149 (Pa. Super. 2009); ***see also Commonwealth v. King***, 786 A.2d 993, 996 (Pa. Super. 2001), ***appeal denied***, 812 A.2d 1128 (Pa. 2002) (finding appellant's challenge to sentence moot where sentence imposed had expired and there were no criminal or civil consequences).

Here, the trial court revoked Appellant's probation and resentenced him, on February 14, 2019, to 1½ to 3 years of incarceration, with credit for 723 days Appellant had already served. Appellant had one year and one week remaining on his maximum 3-year sentence, and a release date of February 21, 2020. As that date has passed, Appellant's appeal of the discretionary aspects of his sentence is "moot and incapable of review." ***See Schmohl***, 975 A.2d at 1149; ***King***, 786 A.2d at 996. Accordingly, we dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2020