J-A24039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SEAN DICKERSON | : | |
| | : | |
| Appellant | : | No. 1405 EDA 2020 |

Appeal from the Order Entered June 30, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0007274-2014

BEFORE:  LAZARUS, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED NOVEMBER 12, 2021**

Sean Dickerson (Dickerson) appeals from the order of the Court of Common Pleas of Delaware County (trial court) denying his *pro se* motion to modify his sentence.  We dismiss the appeal as moot.

On January 26, 2015, Dickerson pled guilty to retail theft graded as a third-degree felony and was sentenced to 6 to 23 months' imprisonment with a consecutive two years of probation.  While on parole, Dickerson was arrested for retail theft in Montgomery County.  After being convicted and sentenced on that charge, Dickerson went back in front of the trial court for a violation hearing on February 2, 2016.  The trial court found him in violation and imposed a split sentence to the full backtime with immediate parole and a

_____

[*] Retired Senior Judge assigned to the Superior Court.

concurrent 18 to 36 months in state prison. The trial court also ordered that its sentence run concurrent to the Montgomery County sentence.

Over three years later, on December 12, 2019, Dickerson filed a *pro se* post-sentence motion for modification *nunc pro tunc*, alleging that the trial court entered the incorrect effective date of sentence on his commitment form DC-300B.[1] According to Dickerson, after the trial court sentenced him for the violation, he was mistakenly set free but turned himself into Delaware County Probation and Parole on September 27, 2016. After doing so, however, his DC-300B commitment form listed his effective date of sentence as September 27, 2016, rather than the date that the trial court sentenced him on the violation, February 2, 2016. His motion asked that the trial court correct his

---

[1] The DC-300B commitment form, despite its "DC" designation, is a commitment form generated by the trial court and contains an inmate's criminal offenses, the disposition of those offenses, and the sentence imposed for those offenses. It is generated by the Common Pleas Criminal Court Case Management System. **Commonwealth v. Heredia**, 97 A.3d 392, 394 n.3 (Pa. Super. 2014) (citing 37 Pa. Code § 96.4 and 42 Pa.C.S. § 9764). Under § 9764 of the Judicial Code, when an inmate is transferred into custody of the Department of Corrections, the transporting official provides the DOC with a copy of the trial court's sentencing order and a copy of the DC-300B commitment form. **Id**. (citing 42 Pa.C.S. § 9764(a)(8)). The Department cannot modify or disregard it. **See Commonwealth v. Spotz**, 972 A.2d 125, 131 (Pa. Cmwlth. 2009) ("Even though the [DC-300B commitment form] was completed on the court's behalf by the clerk and was not signed by the sentencing judge, the Department did not err in relying on that form[.]"). If a DC-300B commitment form has an alleged error, **the inmate's remedy lies with the sentencing court "for clarification and/or correction of the sentence imposed," not with the Department**. **See Heredia**, 97 A.3d at 395 (quoting **Commonwealth v. Perry**, 563 A.2d 511, 512 (Pa. Super. 1989)) (emphasis added).

DC-300B commitment form under its power to modify or rescind any order.

**See** 42 Pa.C.S. § 5505. On June 30, 2020, the trial court denied his post-sentence motion, following which Dickerson filed this timely appeal.[2]

On appeal, Dickerson reasserts that the trial court should correct the DC-300B commitment form to reflect the correct date of his sentence (February 2, 2016). However, at oral argument on this matter, Dickerson confirmed that he is no longer serving the sentence that the trial court imposed in this case.

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law.... An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

**In re R.D.**, 44 A.3d 657, 679-80 (Pa. Super. 2012) (citations omitted).

"Under Pennsylvania law, if Appellant completed the aggregate maximum term of imprisonment while his appeal was pending, he would not be subjected to any direct criminal consequences and his challenge to the legality of his sentence ... would be moot and incapable of review."

---

[2] In his notice of appeal, Dickerson also purported to appeal from the denial of two other *pro se* motions that he filed. In so doing, however, he listed the dates that those motions were filed rather the date of their denial. As a result, on February 18, 2021, we issued a rule to show cause why his appeal should not be quashed as having been taken from three purported orders that are not entered on the docket. In response, Dickerson stated that he was appealing from the June 30, 2020 order denying his post-sentence motion seeking to correct his DC-300B commitment form.

*Commonwealth v. Schmohl*, 975 A.2d 1144, 1149 (Pa. Super. 2009); *see also Commonwealth v. King*, 786 A.2d 993, 996 (Pa. Super. 2001) (defendant's challenge to sentence moot where sentence imposed had expired and there were no criminal or civil consequences).

As discussed, the trial court imposed a split sentence to the full backtime of his original sentence (with immediate parole) and a concurrent 18 to 36 months' imprisonment.  Even assuming that Dickerson is correct that his DC-300B commitment form listed the incorrect effective date of sentence, his maximum sentence has expired.  Because he seeks only a correction to his DC-300B commitment form on a sentence that he has fully served, there is no relief we can grant that would have any legal force or effect.  As a result, the matter is moot and incapable of review.  *See Schmohl*, *supra*; *King*, *supra*.

Appeal dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2021