IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| George Maier, | : | |
| Appellant | : | |
| | : | |
| v. | : No. 1181 C.D. 2023 |
| | : Submitted: May 6, 2025 |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing | : | |


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE STACY WALLACE, Judge
          HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                               FILED:  June 16, 2025


George Maier (Licensee) appeals the Court of Common Pleas of Allegheny County's (trial court) September 14, 2023 order (order) denying his Petition to File Appeal *Nunc Pro Tunc*[1] (*Nunc Pro Tunc* Petition) from the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing's (DOT) one-year suspension of his operating privilege for refusing to submit to a chemical blood test under Section 1547(b)(1)(i) of the Vehicle Code,

---

[1] *Nunc pro tunc* is Latin for "now for then" and is defined as "[h]aving retroactive legal effect through a court's inherent power."  Black's Law Dictionary 1287 (11th ed. 2019).

75 Pa.C.S. § 1547(b)(1)(i), commonly known as the Implied Consent Law.[2] Licensee also filed an Application for Remand (Application). Upon review, we reverse the trial court's order, grant Licensee's Application, and remand for a hearing on the merits of the appeal.

## Background

On November 11, 2021, DOT suspended Licensee's operating privilege. Original Record (O.R.) at 3. Licensee did not receive a letter advising him of the suspension of his operating privilege. *Id.* On August 29, 2023, Licensee filed his *Nunc Pro Tunc* Petition requesting to appeal a license suspension he received from DOT and providing the reason the appeal was untimely was because Licensee "DID NOT RECEIVE THE SUSPENSION LETTER DUE TO [DOT]'S MISTAKE MISSPELLING MY ADDRESS ROAD NAME AT DMV." *Id.* at 2-3 (capitalization in original).[3] Attached to his *Nunc Pro Tunc* Petition, Licensee included a letter from DOT dated August 15, 2023, which contained the requirements for restoring his driving privilege (Restoration Letter) and an

---

[2] The Implied Consent Law states in relevant part:

> (1) If any person placed under arrest for a violation of section 3802 [relating to driving under the influence] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, [DOT] shall suspend the operating privilege of the person as follows:
>     (i) . . . for a period of 12 months.

75 Pa.C.S. § 1547(b)(1)(i).

[3] Original Record references reflect electronic pagination.

Application for an Ignition Interlock.[4] O.R. at 4; Pa.R.A.P. 1925(a) Op. (1925(a) Op.) at 3.[5] The trial court held a hearing on Licensee's *Nunc Pro Tunc* Petition on September 14, 2023. *Id.*

At the hearing, Licensee clarified he was seeking permission to appeal the initial license suspension as he "never had an opportunity to respond to it because [DOT] had misspelled [his] address on the file." Trial Tr. 9/14/23 at 3. Licensee asserted he received the Restoration Letter with the requirements for restoring his driving privileges, which is how he became aware of the suspension of his operating privilege. *See Id.* At the hearing, DOT argued the issue of the validity of his license suspension is moot. *Id.* at 7. The trial court denied Licensee's *Nunc Pro Tunc* Petition explaining "[t]he initial suspension which [Licensee] wants to challenge is completed and expired. A court lacks jurisdiction to consider the legality of a sentence when the sentence has expired." 1925(a) Op. at 4.

On October 16, 2023, Licensee filed a timely notice of appeal. *Id.* at 12-13. On appeal, Licensee argues (1) the trial court erred by denying his *Nunc Pro Tunc* Petition where DOT's failure to send the license suspension notice to his correct address constituted a breakdown in the administrative process justifying the allowance of a *nunc pro tunc* appeal and (2) the passage of the suspension period did not render the issue of the validity of the suspension moot. Licensee's Br. at 2. In response, DOT submitted a letter advising the Court it did not intend to file a brief in this matter because it "does not oppose the relief requested by [Licensee], *i.e.*, to

---

[4] The trial court references the Restoration Letter dated August 15, 2023 in its opinion. 1925(a) Op. at 3. However, a copy of the Restoration Letter was not included in the Original Record. The Application for the Ignition Interlock is included in the Original Record.

[5] 1925(a) Op. references reflect electronic pagination.

3

reverse or vacate the September 14, 2023, order and remand the matter to the trial court for a hearing on the merits of the appeal." DOT Letter 4/17/24.

Licensee filed his Application requesting this Court remand the case to trial court. *See generally* Application. On December 2, 2024, the Court directed the Application be considered with the merits of the appeal. Order 12/2/24.

**Analysis**

In reviewing the trial court's decision, our review is limited to determining whether it "committed an error of law, whether [it] abused its discretion, or whether the findings of fact are supported by substantial evidence." *Garlick v. Dep't of Transp., Bureau of Driver Licensing*, 176 A.3d 1030, 1035 n.6 (Pa. Cmwlth. 2018).

Generally, a licensee has 30 days from the mailing date of a notice of suspension to file an appeal from the suspension. *See* Section 5571(b) of the Judicial Code, 42 Pa.C.S. § 5571(b) ("[A]n appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order."). "It is well established that failure to timely appeal an administrative agency's action is a jurisdictional defect; consequently, the time for taking an appeal cannot be extended as a matter of grace or mere indulgence." *H.D. v. Pa. Dep't of Public Welfare*, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000).

Nevertheless, when a party has filed an untimely appeal, a court may grant relief in the form of an appeal *nunc pro tunc* in certain extraordinary circumstances. *Commonwealth v. Stock*, 679 A.2d 760, 763-64 (Pa. 1996). Those circumstances include where there was fraud, a breakdown in the administrative process, or where non-negligent circumstances related to the petitioner, his counsel, or a third party caused the delay. *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1131

4

(Pa. 1996). A breakdown in the administrative process exists "where an administrative board or body is negligent, acts improperly or unintentionally misleads a party. Thus, where an administrative body acts negligently, improperly or in a misleading way, an appeal *nunc pro tunc* may be warranted." *Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Rev. of Allegheny Cty.*, 746 A.2d 581, 584 (Pa. 2000). To be entitled to *nunc pro tunc* relief, a petitioner must show: (1) he filed the petition shortly "after learning of and having an opportunity to address the untimeliness"; (2) the time that elapsed is very short in duration; and (3) the respondent will not suffer prejudice. *H.D.*, 751 A.2d at 1219.

Here, Licensee asserts there was a breakdown in the administrative process because DOT failed to send the suspension notice to Licensee's correct address. Licensee's Br. at 7. Specifically, Licensee asserts DOT misspelled his address. *Id.* at 3. DOT does not dispute it misspelled Licensee's address on his notice of suspension. Transcript 9/14/23 at 6-7. Because DOT is required to notify a licensee of a license suspension or disqualification of his operating privilege at his address of record, *see* 75 Pa.C.S. § 1540(b), and DOT failed to do so, there was a breakdown in the administrative process. Moreover, Licensee filed his *Nunc Pro Tunc* Petition approximately 14 days after the date on the Restoration Letter. *Nunc Pro Tunc* Petition at 1; 1925(a) Op. at 3. Therefore, Licensee filed the petition shortly "after learning of and having an opportunity to address the untimeliness." *See H.D.*, 751 A.2d at 1219. Finally, DOT will not suffer prejudice as it does not oppose Licensee's request for a remand to address the merits of the appeal. *See* DOT Letter 4/17/24. Consequently, Licensee was entitled to appeal his license suspension *nunc pro tunc*.[6]

---

[6] Licensee argues the issue of the validity of his license suspension is not moot. We agree. "The mootness doctrine requires an actual case or controversy to exist at all stages." *Dep't of Env't* **(Footnote continued on next page…)**

## Conclusion

For these reasons, the trial court erred by denying Licensee's *Nunc Pro Tunc* Petition seeking to reinstate his statutory appeal rights. Accordingly, the trial court's order is reversed, and the Application is granted. We remand this matter to the trial court for a hearing on the merits of the appeal.


_____
STACY WALLACE, Judge

---

*Prot. v. Cromwell Twp., Huntingdon Cnty.*, 32 A.3d 639, 651 (Pa. 2011). The controversy must continue to exist throughout all stages of judicial proceedings, and the parties must continue to have a "personal stake in the outcome." *Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 120 (Pa. Cmwlth. 2004) (quoting *Lewis v. Continental Bank Corp*, 494 U.S. 472, 477-478 (1990). The trial court relied on *Commonwealth v. King*, 786 A.2d 993, 996 (Pa. Super. 2001), to support its denial of Licensee's *Nunc Pro Tunc* Petition. 1925 Op. at 4. However, in *King*, appellant challenged the legality of a probationary sentence imposed, and already served. *King*, 786 A.2d at 996. The Superior Court concluded that "there [were] <u>no criminal or civil consequences</u> to be endured by [the appellant] as the result of the probationary sentence that [had] expired." *Id.* (emphasis added). Thus, the Superior Court determined appellant's challenge to be moot. *Id.* By way of contrast, here, the trial court failed to consider the additional civil penalties associated with the suspension for chemical test refusal. Once a licensee completes the initial suspension for a chemical test refusal and seeks restoration of his operating privilege, the licensee, as a condition of the restricted license, must then equip any motor vehicle they are to operate with an ignition interlock system which must remain in the vehicle for the duration of the restricted license period. *See* 75 Pa.C.S. § 3805(a). Therefore, Licensee is subject to additional civil consequences despite the expiration of his license suspension. Accordingly, his appeal is not moot.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Maier,                  :

            Appellant    :

                                 :

          v.                   : No. 1181 C.D. 2023

                                 :

Commonwealth of Pennsylvania,    :

Department of Transportation,     :

Bureau of Driver Licensing        :

## **O R D E R**

**AND NOW**, this 16th day of June 2025, the September 14, 2023 order of the Court of Common Pleas of Allegheny County is **REVERSED**, George Maier's Application for Remand is **GRANTED**, and this matter is **REMANDED** for further proceedings consistent with the foregoing memorandum opinion.

Jurisdiction relinquished.

_____

STACY WALLACE, Judge