J-A14032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KASHIF M. ROBERTSON | : | |
| | : | |
| Appellant | : | No. 232 MDA 2021 |

Appeal from the Order Entered January 29, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002276-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KASHIF M. ROBERTSON | : | |
| | : | |
| Appellant | : | No. 233 MDA 2021 |

Appeal from the PCRA Order Entered February 11, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002276-2017

BEFORE: BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: JULY 25, 2022**

In these consolidated appeals, Kashif M. Robertson appeals from the January 29, 2021 order denying his motion for time-credit, and the February 11, 2021 order dismissing his petition filed pursuant to the Post Conviction

---

[*] Former Justice specially assigned to the Superior Court.

Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The factual background of this case is not relevant to our disposition and need not be reiterated here. The procedural history of this case, as gleaned from the certified record, is as follows: On August 8, 2019, Appellant pled guilty to one count of possession of a controlled substance[1] at docket No. CP-22-CR-0002276-2017 and was sentenced that same day to 6 to 23 months' imprisonment, with 6 months' credit for time-served from January 5 to June 5, 2017. Appellant did not file a direct appeal to this Court.

The trial court subsequently learned that Appellant had already been awarded time credit from January 5 to December 22, 2017 by the Honorable Deborah E. Curcillo at a previous docket, No. CP-22-CR-0002526-2012, and thus the time credit in the instant matter constituted double credit.

Following the filing and denial of a litany of *pro se* motions, Appellant filed his first *pro se* PCRA petition on October 15, 2020, and counsel was appointed to represent him. Appellant's most recent amended PCRA petition was filed on December 28, 2020. On January 14, 2021, the PCRA court provided Appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1).

---

[1] 35 P.S. § 780-113(a)(16).

About the same time, Appellant filed a **pro se** "Motion to Compel the Imposition of Originally Imposed Time Credit," arguing he was entitled to time-credit from January 5 to December 22, 2017. The PCRA court denied this motion on January 29, 2021. Thereafter, on February 11, 2021, the PCRA court entered an order dismissing Appellant's PCRA petition and all the amendments thereto.

On February 16, 2021, Appellant filed two timely **pro se** notices of appeal, which were docketed in this Court at Nos. 232 MDA 2021 and 233 MDA 2021. Appellant's appeal at No. 232 MDA 2021 is from the PCRA court's January 29, 2021 order denying his motion for time-credit; the appeal at No. 233 MDA 2021 is from the PCRA court's February 11, 2021 order dismissing his PCRA petition. This Court consolidated the appeals **sua sponte** on March 26, 2021, and counsel entered his appearance on Appellant's behalf that same day.[2]

Preliminarily, we note that to the extent Appellant attempts to raise any challenges with respect to imposition of time-credit, we find that his claim is moot. The record reflects that Appellant was sentenced on August 8, 2019 to 6 to 23 months imprisonment, with 6 months' credit for time-served, and has since completed serving his sentence.

---

[2] The record reflects that Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

This Court has long recognized that where an appellant has completed serving his sentence, he is no longer subject to any direct criminal consequences and any challenge to the sentence imposed is moot and incapable of review. *Commonwealth v. Schmohl*, 975 A.2d 1144, 1149 (Pa.Super. 2009) (stating, "[u]nder Pennsylvania law, if Appellant completed the aggregate maximum term of imprisonment while his appeal was pending, he would not be subjected to any direct criminal consequences and his challenge to the legality of his sentence … would be moot and incapable of review."); *see also Commonwealth v. King*, 786 A.2d 993, 996–997 (Pa.Super. 2001) (holding that a defendant's challenge to the legality of his sentence was moot where the sentence imposed had already been served and there were no criminal or civil consequences), *appeal denied*, 812 A.2d 1228 (Pa. 2002). As a result, the matter is moot and incapable of review.

We now turn to Appellant's challenges to the PCRA court's February 11, 2021 order dismissing his PCRA petition and various amendments thereto.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the

PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

We must first consider the timeliness of Appellant's PCRA petition because it implicates the authority of this court to grant any relief. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition or provide relief. ***Commonwealth v. Spotz***, 171 A.3d 675, 729 (Pa. 2017). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when an Appellant's judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that Appellant's judgment of sentence became final on September 9, 2019,[3] 30 days after the time period for filing a direct

---

[3] We note that, for purposes of this Court's computation, Appellant would have needed to file his appeal on or before Monday, September 9, 2019, because September 8, 2019 fell on the weekend. ***See*** 1 Pa.C.S.A. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation).

appeal with this Court expired. **See** Pa.R.A.P. 903. Accordingly, Appellant had until September 9, 2020 to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant's instant petition was filed on October 15, 2020, and is thus untimely, unless he can plead and prove that one of the three statutory exceptions to the one-year jurisdictional time-bar applies.[4]

In his brief to this court, Appellant fails to even acknowledge the untimeliness of his petition, let alone invoke any of the statutory exceptions to the PCRA time-bar set forth in Section § 9545(b)(1). **See** Appellant's brief at 1-3, 23-29. Accordingly, the PCRA court and this Court are without

_____

[4] The three statutory exceptions to the PCRA time-bar are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

judication to entertain any of Appellant's PCRA claims. **See Spotz**, 171 A.3d at 729.

Furthermore, we note that because Appellant is no longer serving a sentence of imprisonment, probation or parole for the crime, he is ineligible for PCRA relief on this basis as well. 42 Pa.C.S.A. § 9543(a)(1)(i); **see also Commonwealth v. Descardes**, 136 A.3d 493, 503 (Pa. 2016) (holding the petitioner was no longer serving a sentence, so he was ineligible for PCRA relief; the petitioner's ineligibility deprived the court of jurisdiction to entertain the petition); **Commonwealth v. Williams**, 977 A.2d 1174 (Pa.Super. 2009) (explaining that once sentence is completed, petitioner is ineligible for PCRA relief), **appeal denied**, 990 A.2d 730 (Pa. 2010). Based on the foregoing, we discern no error on the part of the PCRA court in dismissing Appellant's petition.

Accordingly, we affirm the January 29 and February 11, 2021 orders of the PCRA court.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2022