J-A04031-23, J-A04033-23, J-A04034-23, J-A04035-23, J-A04037-23,
J-A04038-23, J-A04039-23, J-A04041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**
**FILED MARCH 09, 2023**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN M. DONAHUE | : | |
| | : | |
| Appellant | : | No. 1168 MDA 2018 |

Appeal from the Order Entered April 18, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003716-2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN M. DONAHUE | : | |
| | : | |
| Appellant | : | No. 920 MDA 2019 |

Appeal from the Order Entered May 23, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003716-2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN M. DONAHUE | : | |
| | : | |
| Appellant | : | No. 1179 MDA 2019 |

Appeal from the Order Entered June 18, 2019

J-A04031-23, J-A04033-23, J-A04034-23, J-A04035-23, J-A04037-23,
J-A04038-23, J-A04039-23, J-A04041-23

In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003716-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN M. DONAHUE | : | |
| | : | |
| Appellant | : | No. 1582 MDA 2019 |

Appeal from the Order Entered September 16, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003716-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN M. DONAHUE | : | |
| | : | |
| Appellant | : | No. 589 MDA 2020 |

Appeal from the PCRA Order Entered March 2, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003716-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN M. DONAHUE | : | |
| | : | |
| Appellant | : | No. 947 MDA 2020 |

J-A04031-23, J-A04033-23, J-A04034-23, J-A04035-23, J-A04037-23, J-A04038-23, J-A04039-23, J-A04041-23

Appeal from the Order Dated July 8, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003716-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SEAN M. DONAHUE | : | |
| | : | |
| Appellant | : | No. 502 MDA 2021 |

Appeal from the Order Entered March 30, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003716-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SEAN M. DONAHUE | : | |
| | : | |
| Appellant | : | No. 182 MDA 2022 |

Appeal from the Order Entered December 29, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003716-2015

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM PER CURIAM:                 **FILED MARCH 09, 2023**

We address together these eight appeals, taken by prolific *pro se* filer

Sean M. Donahue (Appellant), from orders entered between 2018 and 2021

J-A04031-23, J-A04033-23, J-A04034-23, J-A04035-23, J-A04037-23, J-A04038-23, J-A04039-23, J-A04041-23

at the same criminal docket in the Dauphin County Court of Common Pleas.[1]

On April 19, 2016, Appellant was convicted by a jury of two counts of

_____

[1] Throughout this matter, Appellant has filed copious filings, each lengthy and including hundreds of pages of attachments.  The trial docket spans 93 pages.  Each of the briefs in these eight appeals, together with their exhibits, exceed 600 pages; at 920 MDA 2019 alone, the brief, with attachments, is 1,481 pages long.

Appellant has previously taken six appeals in this matter, all of which were dismissed or quashed.  **See 1329 MDA 2018** (Pa. Super. Dec. 7, 2018 order) (quashing appeal from non-final April 24, 2018, trial court order denying: motion for nominal appeal bail; request for trial & pre-trial transcripts; request for complete records on jury; request for stay of sentence to preserve PCRA; motion for instatement/reinstatement of state *coram nobis* procedure; three motions to quash portions of PCRA; and application for relief), *appeal denied* 45 MAL 2019 (Pa. Jul. 9, 2019); **1417 MDA 2018** (Pa. Super. Dec. 7, 2018 order) (quashing appeal from same April 24, 2018, trial court order, which had been entered on trial docket a second time), *appeal denied* 47 MAL 2019 (Pa. Jul. 9, 2019); **1607 MDA 2019** (Pa. Super. Feb. 3, 2020 order) (dismissing as duplicative of appeal at 1582 MDA 2019); **946 MDA 2020** (Pa. Super. Dec. 23, 2020 order) (quashing appeal from non-final June 16, 2020, order denying motion for preliminary hearing transcripts and exhibits); **948 MDA 2020** (Pa. Super. Dec. 23, 2020 order) (quashing appeal from duplicate non-final June 16, 2020, order denying motion for preliminary hearing transcripts and exhibits); **789 MDA 2021** (Pa. Super. Aug. 23, 2021 order) (quashing premature appeal where trial court had not filed an order disposing of Appellant's April 22, 2021, petition for writ of *coram nobis*).

Additionally, currently before this panel are Appellant's four *pro se* appeals relating to his terroristic threats conviction in the Luzerne County Court of Common Pleas at trial docket CP-40-CR-0003501-2012.  **See 1876 MDA 2018**, **1647 MDA 2019**, **566 MDA 2021**, **743 MDA 2022**.  In that matter, Appellant sent an email message in August of 2012 to the Luzerne County District Attorney, threatening to "essentially engage in a gun fight with police officers[ ] if the District Attorney does not do as he desires[, and stating] people will be killed if he does not get the actions that he demands." **Commonwealth v. Donahue**, 1949 MDA 2017 (unpub. memo. at 1-2) (Pa. Super. Aug. 22, 2018) (direct appeal), *appeal denied*, 753 MAL 2018 (Pa. Apr. 23, 2019), *cert. denied*, 19-5808 (U.S. Oct. 15, 2019).

harassment,[2] and on the same day received a sentence of two consecutive terms of one year's probation. At 1168 MDA 2018, we affirm the April 18, 2018, order denying Appellant's "Motion for Permission to Attend Potential Job Interview at Pennsylvania Department of Labor and Industry," as we determine that order is now moot. At the remaining dockets, 920 MDA 2019, 1179 MDA 2019, 1582 MDA 2019, 589 MDA 2020, 947 MDA 2020, 502 MDA 2021, and 182 MDA 2022, we affirm the orders denying Appellant's multiple petitions for writ of *coram nobis* and Post Conviction Relief Act[3] (PCRA) relief, on the ground he is no longer serving his sentence.[4] Appellant has also filed a total of twelve applications for relief with this Court; we deny all of them.

_____

[2] 18 Pa.C.S. § 2709(a)(4) ("A person commits . . . harassment when, with intent to harass, annoy or alarm another, the person . . . communicates to or about such other person any . . . threatening or obscene words [or language[.]").

[3] 42 Pa.C.S. §§ 9541-9546.

[4] **See** 42 Pa.C.S. §§ 9542 (PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law . . . remedies . . . including . . . coram nobis."); 9543(a)(1)(i) (to be eligible for PCRA relief, petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime").

## I. 2016 Trial & Judgment of Sentence

The underlying charges arose from Appellant's sending, in November of 2014, four threatening email messages to approximately 50 individuals, including employees of the Pennsylvania Department of Labor and Industry. A jury trial was conducted on April 19, 2016.

> Generally, the nature of the communications concerned Appellant's grievances and perceived injustices carried out by Commonwealth employees related to his unsuccessful applications for employment and his preferred status as a veteran.
>
> . . . Appellant used the following language in his communications to the e-mail recipients — "I will pursue punishment of you"; "[t]hat is a threat"; "You won't have to explain to a judge how you rectify me having spent so much money on civil court actions instead of just buying a $200 gun and $20 box of ammunition and killing your employees . . . "; and "I hope all of you suffer terrible tragedies." N.T., 4/19/16, at 22, 28, 36, 44; Commonwealth Exhibits 1–4.

*Commonwealth v. Donahue*, 1469 MDA 2016 (unpub. memo. at 2) (Pa. Super. June 5, 2017) (paragraph break added), *appeal denied*, 610 MAL 2017 (Pa. Jan. 30, 2018).

Appellant did not testify or present any evidence. The jury found him guilty of two counts of harassment.[5] On the same day, April 19, 2016, the trial court sentenced Appellant to two consecutive terms of one-year

---

[5] The jury was hung on a count of terroristic threats. N.T., 4/18-19/16, at 103. The Commonwealth then withdrew that charge. *Id.* at 104-05.

probation. The court also directed him to have no communication with certain Department of Labor employees.

Appellant appealed, and this Court affirmed the judgment of sentence on June 5, 2017. *Donahue*, 1469 MDA 2016. The Pennsylvania Supreme Court denied his petition for allowance of appeal on January 30, 2018.

Since then, Appellant has filed copious petitions advancing various grievances. The instant eight appeals are taken from orders, entered between April 2018 and December 2021, denying relief. Appellant's numerous appeals have resulted in the transmittal, back and forth, of the certified record between the trial court and this Court. This Court directed that his related appeals be listed consecutively, and they are now before this merits panel.[6]

Upon informal inquiry by this panel, the trial court filed a letter, explaining that Appellant completed serving his probation in May of 2018.[7] Letter from Trial Ct., 1/30/23. The following day, Appellant filed identical "Application[s] for Relief in Response to that Letter" at all eight appeals. He argued his sentence should have expired on April 19, 2018, but the Dauphin County probation office "kept [him] on probation" until May 14, 2018, and

---

[6] In December of 2021, this Court continued, at Appellant's request, oral argument for these appeals. *See e.g.* 1168 MDA 2018 (order) (Pa. Super. Dec. 10, 2021). Appellant requested a second continuance, which this panel denied. *See* 1168 MDA 2018 (order) (Pa. Super. Feb. 3, 2023).

[7] In past opinions, the trial court stated specifically that Appellant completed his probation sentence on May 14, 2018. *See* Trial Ct. Op., 6/17/19, at 5.

thus his sentence is illegal. *See*, *e.g.* Appellant's Application for Relief in Response to that Letter, 1168 MDA 2018, 1/31/21, at 2. In light of our disposition, we deny all eight applications. Appellant has also filed four other applications with this Court for relief, as discussed *infra*. We likewise deny those applications.

## II. PCRA Standard of Review & Eligibility for Relief

We first note: "Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Beatty*, 207 A.3d 957, 960-61 (Pa. Super. 2019).

The PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law . . . remedies . . . including . . . coram nobis." 42 Pa.C.S. § 9542.

"To be eligible for [PCRA relief], the petitioner must plead and prove by a preponderance of the evidence" they are "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). Additionally,

> Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal. A petitioner must choose either to appeal from the order denying his prior PCRA petition **or** to file a new PCRA petition; the petitioner cannot do both, . . . because "prevailing law requires that the subsequent petition must give way to a pending appeal from the order denying a prior petition."

> If the petitioner pursues the pending appeal, then the PCRA court is required . . . to dismiss any subsequent PCRA petitions filed while that appeal is pending.

**Beatty**, 207 A.3d at 961 (citations omitted & paragraph break added).

We now address Appellant's eight appeals *seriatim*.

### III.  1168 MDA 2018:

### April 18, 2018, Denial of Motion for Job Interview

On April 2, 2018, Appellant filed a *pro se* "Motion for Permission to Attend Potential Job Interview at Pennsylvania Department of Labor and Industry CareerLink or other Facility Owned or Controlled by That Agency." Appellant claimed the Department of Labor asked if he were interested in a job as a human resources analyst.[8]

Although Appellant did not state a reason for seeking such permission, the trial court pointed out his sentence included a condition that he have no communication with certain Department of Labor employees.  Trial Ct. Op., 9/4/18, at 5.  The court also noted "the contact was made by a new employee who was unfamiliar with [Appellant's] case[.]"  Order, 4/18/18.  On April 18, 2018, the court denied Appellant's motion, finding his sentence, including the

---

[8] The motion stated Appellant was filing an identical motion with the Luzerne County trial court.

"no communication" order, was still in effect. Trial Ct. Op., 9/4/18, at 5. Appellant filed a notice of appeal on May 2, 2018.[9]

As stated above, the trial court confirmed that Appellant completed his sentence in May of 2018. When a defendant completes a sentence, he is no longer subject to any direct criminal or civil consequences thereto, and thus any challenge to the sentence is incapable of review and moot. *See* ***Commonwealth v. Schmohl***, 975 A.2d 1144, 1149 (Pa. Super. 2009); ***Commonwealth v. King***, 786 A.2d 993, 996-97 (Pa. Super. 2001). Accordingly, we deem Appellant's present appeal is moot, and we affirm the April 18, 2018, order denying his motion for permission to attend a job interview with the Department of Labor.[10]

Appellant has also filed in this Court, at this appeal docket, two nearly identical "Application[s] for Relief," on January 20 and 22, 2023. He requests that certain trial exhibits be quashed, struck and expunged. On February 2nd, he filed a "Resubmission of Appellant's December 11, 2018 Application for

---

[9] Appellant mistakenly filed the notice of appeal with this Court, which initially docketed it at 37 MDM 2018 and then forwarded it to the trial court. *See* Pa.R.A.P. 905(a)(4) ("If a notice of appeal is mistakenly filed in an appellate court . . . the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from, and upon payment of an additional filing fee the notice of appeal shall be deemed filed in the trial court on the date originally filed.").

[10] Furthermore, there is no indication that the same alleged 2018 job opening remains available now, more than four years later.

Relief," which: (1) averred a government agency cannot be a victim of harassment; (2) requested this Court to recommend to the state legislature that the "harass, annoy, threaten, or alarm" portion of the harassment statute should also require physical contact; and (3) asserted the PCRA is overly broad. In light of our disposition of this appeal, we deny all three petitions.

### IV. 920 MDA 2019:

### May 23, 2019, Order Denying Petition for Writ of Coram Nobis

For ease of discussion, we review Appellant's ensuing filings in chronological order. All of them were filed after he had filed the above appeal, 1168 MDA 2018, **and** after he completed his sentence.

Appellant first filed a *pro se* PCRA petition on August 15, 2018. On December 31, 2018, the trial court appointed counsel to represent Appellant, and subsequently appointed Shannon Sprow, Esquire, as new counsel. On April 4th, Attorney Sprow filed a motion to withdraw from representation.[11] The September 2019 denial of this PCRA petition is discussed **infra**, at Superior Court docket 1582 MDA 2019**.**

Meanwhile, on May 21, 2019, while represented by counsel of record, and while his first PCRA petition was still pending, Appellant filed a *pro se*, 33-

---

[11] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

page petition for writ of *coram nobis*.[12] He claimed, *inter alia*: (1) his "court appointed PCRA attorney is ineffective and hasn't done her job;" (2) there was "[n]ewly discovered evidence regarding the previously concealed identity of the police officer who actually collected the evidence[,]" and there was "evidence tampering and entrapment[;]" and (3) the trial court gave "bad jury instructions[.]" Appellant's Petition for Writ of Coram Nobis, 5/21/19, at 1-3.

The trial court denied this petition two days later, on May 23, 2019, concluding Appellant was not entitled to relief because he was no longer serving his sentence. The court further found the jury-instruction issue was waived because it could have been raised during trial.

We agree with both rationales and affirm the May 23, 2019, order denying relief. Regardless of Appellant's titling his filing as a petition for writ of *coram nobis*, the claims presented were cognizable under the PCRA, and thus "the PCRA [was] the only method of obtaining" the requested review. **See** 42 Pa.C.S. §§ 9542 (PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law . . . remedies . . . including . . . coram nobis."), 9543(a)(1)(i), (3) (to be eligible for PCRA relief, petitioner must be "currently serving a sentence of imprisonment, probation or parole

---

[12] **See Commonwealth v. Descardes**, 136 A.3d 493, 494 n.1 (Pa. 2016) ("A writ of coram nobis 'is generally available to challenge the validity of a judgment based on facts not before the court when the judgment was entered.'").

for the crime" and must show "the allegation of error has not been . . . waived"), 9544(b) (issue is waived for PCRA purposes "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, [or] on appeal"); **Descardes**, 136 A.3d at 501 ("[P]ursuant to the plain language of Section 9542, where a claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review.").

Additionally, we note that because Appellant filed the *pro se* petition while he was represented by counsel of record, the denial of relief was also proper under our long standing policy precluding hybrid representation. Our Supreme Court has explained:

> [A] defendant in a criminal case may not confuse and overburden the courts by filing his own *pro se* briefs at the same time his counsel is filing briefs for him. . . . [This] rationale . . . applies equally to PCRA proceedings[.] We will not require courts considering PCRA petitions to struggle through the *pro se* filings of defendants when qualified counsel represent those defendants.

**Commonwealth v. Pursell**, 724 A.2d 293, 302 (Pa. 1999). **See also Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011) ("[T]he proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion.").

## V.  1179 MDA 2019:

**June 17, 2019, Order Denying Supplement to Writ of *Coram Nobis***

On June 12, 2019 — three weeks after the denial of the above petition for writ of *coram nobis* — Appellant filed a *pro se*, 43-page "Coram Nobis

- 13 -

Supplement to Ongoing PCRA and Separate Petition for a Writ of Coram Nobis." He reiterated the claims in the May 21, 2019, *coram nobis* filing.

The trial court denied relief on this petition on June 18, 2019. We affirm, as we agree with the court's rationale — Appellant had completed serving his sentence and was thus not entitled to *coram nobis* or PCRA relief. **See** 42 Pa.C.S. § 9543(a)(1)(i); Trial Ct. Op., 8/15/19. The denial of relief was also proper because Appellant had a pending PCRA appeal at the same trial court docket. **See Beatty**, 207 A.3d at 961. Finally, Appellant filed this petition when he was represented by PCRA counsel; denial of relief was proper on this basis as well. **See Pursell**, 724 A.2d at 302.

## VI. 1582 MDA 2019: September 26, 2019, Order

## Denying PCRA Petition

This appeal pertains to Appellant's first PCRA petition, which was filed on August 15, 2018. On June 17, 2019, the trial court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition, again reasoning Appellant was not entitled to relief because he was no longer serving his sentence. Trial Ct. Op., 6/17/19, at 5 (unpaginated). At this time, the court also granted Attorney Sprow's motion to withdraw as counsel. On July 5th, Appellant filed an objection to the order permitting counsel to withdraw. On September 16, 2019, the court formally denied the PCRA petition, and Appellant appealed to this Court.

Again, the trial court's denial of relief was proper because there was a pending appeal pertaining to a prior PCRA petition. *See Beatty*, 207 A.3d at 961. We also affirm the order on the ground Appellant was no longer serving his sentence. *See* 42 Pa.C.S. § 9543(a)(1)(i).

At this Superior Court docket, Appellant has also filed with this Court an application for relief, entitled "Brief in Support of: Appellant's Resubmission of his September 9, 2020 and September 10, 2020 Applications for Relief with Regard to the Issues that Were Deferred by the Superior Court Order of December 29, 2021." He avers the record is missing documents, because the copy of the PCRA petition is not the original document that he filed. As no relief is due for the reasons stated above, we deny this application.

## VII. 589 MDA 2020: March 2, 2020 Order

## Denying Motion to Correct & Expunge Trial Record

Next, on March 2, 2020, Appellant filed a *pro se* "Motion to Correct Court Record at 1582 MDA 2019 & Motion to Expunge County Trial Court Record and Magisterial Court Record Because the Record is Not Reliable." The 1582 MDA 2019 docket pertains to the appeal taken from the September 16, 2019, order denying Appellant's PCRA petition, addressed in the immediately preceding section.[13] In this motion, Appellant averred his PCRA petition — "86 pages [in length] with more than 6,000 pages of appendices" — as well as his objection

---

[13] However, in fact, all of these appeals share the same certified record.

to Attorney Sprow's withdrawal, were missing from the certified record. Appellant's Motion to Correct Court Record at 1582 MDA 2019 & Motion to Expunge County Trial Court Record and Magisterial Court Record Because the Record is Not Reliable, 3/2/20, at 2, 4. Appellant claimed "someone intentionally interfered with the trial court record to prevent [his] issues from being raised, [this] was an act of fraud unto the court[,]" and therefore the entire criminal case "must be expunged because the accuracy of the trial court record . . . cannot be trusted." *Id.* at 11-12.

On March 2, 2020, the trial court issued an order, directing the court clerk to transmit the missing PCRA petition to this Court. The court also noted Appellant's objection to counsel's withdrawal had already been transmitted to this Court. The court then denied Appellant's motion to expunge the entire trial record. The court found, *inter alia*: (1) the missing filings have been added to the certified record; and (2) Appellant presented no evidence in support of his "broad assertion that the trial court record is unreliable." Trial Ct. Op., 5/28/20, at 2.

We again conclude Appellant was not entitled to relief on the March 2, 2020, motion, because he had completed serving his sentence **and** an appeal from the denial of a prior PCRA petition was pending. *See* 42 Pa.C.S. § 9543(a)(1)(i); *Beatty*, 207 A.3d at 961. We thus affirm the trial court's order.

## VIII. 589 MDA 2020: July 8, 2020, Order

### Denying Petition for Writ of *Certiorari*

Next, on July 2, 2020, Appellant filed a "Petition for Writ of Certiorari," asserting the preliminary hearing transcript and exhibits were missing from the certified record. Appellant alleged the "magistrate [judge] obviously removed those documents from the record[, and this action] equates to no evidence having been presented at the pretrial phase." Appellant's Petition for Writ of Certiorari, 7/2/20, at 9. Appellant reasoned the trial court should thus expunge both the magisterial court and trial court records. *Id.* at 10-11.

The trial court denied this petition on July 8, 2020, reasoning Appellant's claim was moot, as the preliminary hearing transcripts had been transmitted to the Superior Court. Trial Ct. Op., 9/14/20, at 2; Order, 7/8/20.

We affirm, as Appellant is not entitled to any post-conviction collateral relief because he is no longer serving his sentence, and because he had a pending appeal from the denial of a prior PCRA petition. *See* 42 Pa.C.S. § 9543(a)(1)(i); *Beatty*, 207 A.3d at 961. Furthermore, we note that in response to Appellant's multiple applications for relief filed at 1582 MDA 2019,[14] this Court issued an order on October 26, 2020, which stated: "The copies of the preliminary hearing transcript and preliminary hearing exhibits that were forwarded to this Court by the trial court have been accepted by

---

[14] We have addressed this appeal above.

this Court as part of the certified record."  Order, 1582 MDA 2019, 10/26/20, at 1.

## IX.  502 MDA 2021: March, 29, 2021, Order

## Denying Petition for Writ of Coram Nobis/Motion for Expungement

On March 24, 2021, Appellant filed a single document entitled "I. Petition for Writ of Coram Nobis Based on Clarification of Legislative Intent, II.  Petition for Writ of Habeas Corpus Based on Clarification of Legislative Intent, III.  Petition for Equitable Relief Based on Clarification of Legislative Intent."  Appellant again claimed his conviction should be quashed, reversed, struck, and expunged.  He now claimed:

> Congress clearly asserted in its intent that even when language steels a crowd to violence, and even when that violence occurs, as it did throughout the summer of 2020 and again on Jan[.] 6, 2021, the speech itself is protected by US Const. Amend. I.

Appellant's Petition for Writ of Coram Nobis Based on Clarification of Legislative Intent, Writ of Habeas Corpus Based on Clarification of Legislative Intent, Equitable Relief Based on Clarification of Legislative Intent, 3/24/21, at 2.

On March 29, 2021, the trial court issued an order, declaring it lacked jurisdiction to hear the petition because a prior appeal in this case was currently pending.  Order, 3/29/21.  The court rejected Appellant's contention that the court in fact had jurisdiction "to correct patent and obvious mistakes," where the relief requested — reversal of his judgment of sentence — was not a mere correction of a mistake.  Trial Ct. Op., 7/2/21, at 1.

We agree with the trial court's reasoning. *See Beatty*, 207 A.3d at 961. *See also* Pa.R.A.P. 1701(a), (b)(1) (generally, after an appeal is taken, the trial court may no longer proceed further in the matter, although court may "take such action as may be necessary to preserve the *status quo*, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed, and transmitted, [or] take other action . . . ancillary to the appeal"). We also affirm the order on the basis that Appellant is not presently entitled to any post-conviction collateral relief as he is no longer serving his sentence. *See* 42 Pa.C.S. § 9543(a)(1)(i).

In addition, we note that on direct appeal, Appellant raised a free speech argument in challenging the sufficiency of the evidence; he claimed "that none of the language included in the e-mails indicates a specific threat of violence[,]" and "therefore, his conduct was protected speech under the United States and Pennsylvania Constitutions."[15] *Donahue*, 1469 MDA 2016 (unpub. memo. at 4-5). Appellant's present attempt to raise a novel free

---

[15] The direct appeal panel concluded:

> Appellant cannot credibly argue that his free speech rights were in any way infringed in this matter. While Appellant is free to express his disagreement with the Commonwealth employees concerning his dissatisfaction with state policies, he is not empowered to threaten the employees with reference to guns, ammunition, and militia, veiled though they may be.

*Donahue*, 1469 MDA 2016 (unpub. memo. at 5).

speech claim is waived, as it could have been raised at trial or direct appeal. *See* 42 Pa.C.S. § 9544(b).

## X. 182 MDA 2022: December 29, 2021, Order

## Denying Petition for Writ of *Coram Nobis*

On April 22, 2021, the same day Appellant filed a notice of appeal from the denial of the last petition, he filed yet another petition with the trial court: "I. Petition for Writ of Coram Nobis Based on Third Circuit Finding of Fact, II. Petition for Writ of Habeas Corpus Based on Third Circuit Finding of Fact and III. Petition for Equitable Relief Based on Third Circuit Finding of Fact." Appellant again requested his conviction and case be quashed, reversed, struck, and expunged. He averred a threat to file a lawsuit is protected activity under the First Amendment, and here, the Commonwealth misused the harassment statute to prosecute a protected activity.

On June 16, 2021, Appellant filed a notice of appeal from the "deemed denial" of his petition. This Court quashed the appeal as premature, as there was no trial court order disposing of the petition. *See* 789 MDA 2021 (Pa. Super. Aug. 23, 2021, order). Following the receipt of the record back from this Court, the trial court issued an order on December 29, 2021, denying the petition, again citing the fact that Appellant currently has multiple appeals pending at the same trial docket. Appellant nevertheless appealed from that order.

We affirm the trial court's December 29, 2021 order, again on the bases that Appellant is not entitled to post-conviction collateral relief because he is no longer serving a sentence, his novel free speech argument is waived, and he had an appeal pending from the denial of a prior PCRA petition. *See* 42 Pa.C.S. §§ 9543(a)(1)(i), 9544(b); *Beatty*, 207 A.3d at 961.

## XI. Conclusion

For the foregoing reasons, we conclude Appellant is not entitled to any relief.[16]

At 1168 MDA 2018, we affirm the April 18, 2018, order denying Appellant's motion for permission to attend a job interview. We also deny Appellant's four applications for relief, filed January 20, 22, and 31, and February 2, 2023.

At 920 MDA 2019, we affirm the May 23, 2019, order denying Appellant's petition for writ of *coram nobis*. We also deny Appellant's January 31, 2023, application for relief.

---

[16] We caution Appellant to carefully consider his litigious behavior in the future, and hereby notify him that excessively filing frivolous claims, and/or engaging in other conduct that is abusive to our court system, may result in sanctions and/or the filing of injunctions. We point out our Rules of Appellate Procedure permit parties to file an application with this Court for reasonable counsel fees in cases of frivolous appeals and obdurate, vexatious conduct. *See* Pa.R.A.P. 2744, 2751, 2572; *see also Commonwealth v. Wardlaw*, 249 A.3d 937, 947 (Pa. 2021) ("For example, an appellate court 'may award as further costs damages as may be just,' Pa.R.A.P. 2744, provided that, *inter alia*, the party receiving such damages makes '[a]n application for further costs and damages.'") (citation omitted).

At 1179 MDA 2019, we affirm the June 17, 2019, order denying Appellant's supplement to petition for writ of *coram nobis*. We also deny Appellant's January 31, 2023, application for relief.

At 1582 MDA 2019, we affirm the September 26, 2019, order denying Appellant's PCRA petition. We also deny Appellant's: (1) January 28, 2023, "Brief in Support of: Resubmission of his September 9, 2020 and September 10, 2020 Applications for Relief with Regard to the Issues that Were Deferred by the Superior Court Order of December 29, 2021;" and (2) January 31, 2023, application for relief.

At 589 MDA 2020, we affirm the March 2, 2020, order denying Appellant's "Motion to Correct Court Record at 1582 MDA 2019 & Motion to Expunge County Trial Court Record and Magisterial Court Record Because the Record is Not Reliable." We also deny Appellant's January 31, 2023, application for relief.

At 589 MDA 2020, we affirm the July 8, 2020, order denying Appellant's petition for writ of *certiorari*. We also deny Appellant's January 31, 2023, application for relief.

At 502 MDA 2021, we affirm the March 29, 2021, order denying Appellant's "I. Petition for Writ of Coram Nobis Based on Clarification of Legislative Intent, II. Petition for Writ of Habeas Corpus Based on Clarification of Legislative Intent, III. Petition for Equitable Relief Based on Clarification of

Legislative Intent." We also deny Appellant's January 31, 2023, application for relief.

At 182 MDA 2022, we affirm the December 29, 2021, order denying Appellant's "I. Petition for Writ of Coram Nobis Based on Third Circuit Finding of Fact, II. Petition for Writ of Habeas Corpus Based on Third Circuit Finding of Fact and III. Petition for Equitable Relief Based on Third Circuit Finding of Fact." We also deny Appellant's January 31, 2023, application for relief.

Orders at all appeals affirmed. All outstanding applications for relief denied.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/09/2023