J-S38007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH WILLIAM BECOTE | : | |
| | : | |
| Appellant | : | No. 3216 EDA 2023 |

Appeal from the Judgment of Sentence Entered November 9, 2023
In the Court of Common Pleas of Delaware County
Criminal Division at No:  CP-23-CR-0002029-2022

BEFORE:   STABILE, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 27, 2025**

Appellant, Joseph William Becote, appeals from the judgment of sentence imposed on November 9, 2023, in the Court of Common Pleas of Delaware County.  Appellant challenges the sufficiency and the weight of the evidence supporting his conviction.  Before this Court, Amy J. Litvinov, Esquire, has petitioned to withdraw as Appellant's counsel and filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we grant counsel's application to withdraw and affirm the judgment of sentence.

On October 17, 2023, after a bench trial, Appellant was found guilty of defiant trespassing, 18 Pa.C.S.A. § 3503(b)(1)(i).  On the same day, the trial

_____

[*] Former Justice specially assigned to the Superior Court.

court sentenced Appellant to time served (5 days) to 90 days of confinement, ordering his release having satisfied the maximum sentence.

Appellant timely filed a post-sentence motion, challenging the weight of the evidence and the legality of his sentence. Following a hearing on November 9, 2023, the trial court amended Appellant's sentence order to note that his address was verified in open court. It also amended the sentence, increasing the time served from 5 days to 90 days, while keeping the original maximum sentence (90 days), effectively sentencing Appellant to a 90-day flat sentence. Thereafter, on November 17, 2023, the trial court denied Appellant's post-sentence motion without reference to or explanation for the amended sentence. This appeal followed.

On appeal, Appellant alleges that the evidence was insufficient to convict him of defiant trespass and that the verdict was against the weight of the evidence. Appellant also challenges the legality of his sentence. Before addressing the merits of the claims, we must address counsel's application to withdraw. In doing so, we are guided by the following principles.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. . . . .
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).

Our Supreme Court has further detailed counsel's duties as follows:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361; *see also Commonwealth v. Dempster*, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*). Once we conclude that counsel fulfilled all these requirements, we proceed to examine the record to determine whether the case is wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*).

Based upon our examination of counsel's application to withdraw and *Anders* brief,[1] we conclude that counsel has substantially complied with the requirements set forth above. Counsel provided an appropriate summary of

_____

[1] Following our remand, counsel filed with this Court a revised *Anders* Brief on April 24, 2025.

- 3 -

the facts and procedural history. *See Anders* Brief at 6-8. Further, she supplied the brief to Appellant and advised him of his right to hire new counsel or proceed *pro* se in this Court. The brief stated that the appeal is frivolous and presented its reasons. Appellant did not file a response to counsel's *Anders* Brief.

Accordingly, we can proceed to "'make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n.5). In this review, this Court first considers the issues raised by counsel in the *Anders* brief and determines whether they are in fact frivolous. *Dempster*, 187 A.3d at 272. In addition, if the Court finds those issues frivolous, this Court conducts a review of the record to ascertain if, on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. *Yorgey*, 188 A.3d at 1196-97; *Dempster*, 187 A.3d at 271-72.

Counsel raises three issues: (i) The evidence is insufficient to establish that Appellant had the *mens rea* required to sustain a conviction for defiant trespass, (ii) Appellant's conviction is against the weight of the evidence, and (iii) Appellant's sentence is illegal. We will address each *ad seriatim*.

When reviewing a challenge to the sufficiency of the evidence, our standard is well-settled. We review the evidence in the light most favorable to the verdict winner, giving that party the benefit of all reasonable inferences

drawn from the evidence. ***Commonwealth v. Alford***, 880 A.2d 666, 669-670 (Pa. Super. 2005).

> In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Tejada***, 107 A.3d 788, 792-793 (Pa. Super. 2015) (citation omitted).

In relevant part, defiant trespass is defined as follows: "A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by . . . actual communication to the actor[.]" 18 Pa.C.S.A. § 3503(b)(1)(i). "Thus in order to establish a violation it is necessary to prove that the defendant: 1) entered or remained upon property without a right to do so; 2) while **knowing** that he had no license or privilege to be on the property; and 3) after receiving direct or indirect notice against trespass. The crime of defiant trespass thus includes an element of intent or *mens rea*." ***Commonwealth v. Namack***, 663 A.2d 191, 194 (Pa. Super. 1995) (emphasis in original).

- 5 -

The trial court addressed the claim as follows:

[O] February 8, 2022, around four o'clock in the morning, Officer Elijah Brown of the Upper Darby Township Police Department was dispatched to a call for the ongoing problem of a trespasser sleeping in the stairwell of the apartment building. As Officer Brown tried to approach [Appellant] to contact him, he ran away. Officer Brown ran after him, and after verbal commands, he was finally able to stop [Appellant]. Officer Brown told [Appellant] he was not permitted to be on the premises. When Officer Brown got back to the station, he searched the police department records and found two prior incident reports where [Appellant] was apprehended at the same apartment building and advised each time that he was not permitted to be on the premises. Here, the evidence clearly supports [Appellant]'s conviction for Defiant Trespasser.

Trial Court Opinion, 1/31/24, at 4-5.

We agree with the trial court's analysis and conclusion. ***See also Commonwealth v. Bennett***, 124 A.3d 327, 331 (Pa. Super. 2015) (evidence that defendant, who had been informed multiple times that he was not to be on victim's property, was apprehended there twice was sufficient to support defiant trespass conviction). Accordingly, as the evidence supporting this conclusion is not "so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances[,]" we will not disturb the verdict on those grounds. ***Tejada***, 107 A.3d at 792.

Next, Appellant argues that the verdict is against the weight of the evidence, which we review according to the following standard:

A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the [jury] is free to

believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the [jury's] verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Karns*, 50 A.3d 158, 165 (Pa. Super. 2012) (citation omitted).

The trial court found the weight of the evidence claim meritless as it found the verdict to be fully supported by the evidence. *See* Trial Court Opinion, 1/31/24, at 6. Indeed, based on the facts, as described above, we conclude that the trial court did not abuse its discretion in denying Appellant's weight of the evidence claim. Accordingly, we agree with counsel that appellant is not entitled to relief on this claim.

Lastly, as per our directive, Appellant argues that his sentence is illegal as it appears that the trial court imposed a flat 90-day sentence. While counsel agrees with Appellant's claim, counsel ultimately concludes that the claim is moot as Appellant served his sentence. We agree.

A person convicted of a summary offense may be sentenced to a term of imprisonment, the maximum of which cannot be more than 90 days. *See* 18 Pa.C.S.A. § 106(c)(2). Additionally, Section 9756 of the Sentencing Code provides that in imposing total confinement, the trial court shall specify a maximum period, as well as a minimum sentence that does not exceed one-half of the maximum. 42 Pa.C.S.A. § 9756(a), (b)(1). We agree with counsel,

therefore, that it appears that the trial court's amended sentencing order appears to render the sentence illegal for violating Section 9756.

However, Appellant has served his sentence. Additionally, there is no indication of collateral criminal or civil consequences to be endured by Appellant as the result of the illegal sentence that had expired. Accordingly, Appellant's legality of sentence claim is moot. *See Commonwealth v. King*, 786 A.2d 993, 996 (Pa. Super. 2001) (finding a defendant's challenge to sentence moot where sentence had expired). Because the claim is moot, there is no relief we can grant that would have any legal force or effect. *See Commonwealth v. Nava*, 966 A.2d 630, 633 (Pa. Super. 2009) ("An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect."). As a result, we agree with counsel that the third issue cannot support this appeal, as it is "moot and incapable of appellate review." *King*, 786 A.2d at 996.

Based on our review of the record, therefore, we agree with counsel's assessment that the three issues raised here are frivolous. Moreover, after conducting a full examination of all the proceedings as required pursuant to *Anders*, we discern no non-frivolous issues to be raised on appeal. *Yorgey*, 188 A.3d at 1196-97; *Dempster*, 187 A.3d at 271-72. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/27/2025